The People of the State of New York ex rel. Long Acre Electric Light and Power Company, Respondent, *v.* The Public Service Commission for the First District of the State of New York et al., Appellants.

Appeal — certiorari — when order of Appellate Division sustaining writ of certiorari not a final order and, hence, not appealable to Court of Appeals.

On a denial of an application made by relator to the public service commission relator obtained a writ of certiorari, which was sustained by the Appellate Division by an order directing that the determination of the commission be annulled and the subject-matter of the application be referred back to such commission "for consideration and action within the limits of its authority." *Held*, not a final order and, hence, not appealable to this court.

*People ex rel. Long Acre E. L. & P. Co.* v. *Public Service Commission*, 137 App. Div. 810, appeal dismissed.

(Argued September 26, 1910; decided September 29, 1910.)

Motion to dismiss an appeal from an order of the Appellate Division of the Supreme Court in the first judicial department, entered April 26, 1910, which sustained a writ of certiorari, annulled a determination of the defendant's denying the relator's application for authority to issue stock and bonds and to execute a mortgage to secure said bonds, and referred the application back to the defendant for further action.

The motion was made upon the ground that the order appealed from was not a final order and that permission to appeal had not been obtained.

*J. S. L'Amoreaux* for motion.

*George S. Coleman* opposed.

WERNER, J.  The appeal in this proceeding must be dismissed on the ground that the court is without jurisdiction to entertain it.  The relator applied to the public service commission in the first district for leave to issue stocks and bonds for corporate purposes.  The application was denied.  Thereupon the relator obtained a writ of certiorari, which was sustained by the Appellate Division by an order directing that the determination of the commission " be and it hereby is annulled with $50 costs and relator's disbursements to be taxed, and the relator's application for authority to issue stock and bonds and to execute a mortgage to secure such bonds be and it hereby is referred back to the Public Service Commission for the First District for consideration and action within the limits of its authority."

This order, by which the proceeding is referred back to the public service commission for further action, is not final within the purview of the Constitution and section 190 of the Code of Civil Procedure, as interpreted in *Van Arsdale v. King* (155 N. Y. 325) and later cases.  The proceeding cannot be said to be finally terminated until the public service commission has again acted pursuant to the order of the Appellate Division.  In this respect the proceeding at bar is radically different from one in which an assessment is reviewed with the result that the assessment as made is annulled and a new one is ordered.  (*People ex rel. Jamaica Water Supply Co.* v. *State Board of Tax Comrs.,* 196 N. Y. 39.)  In the latter case the proceeding leading up to the second assessment is to all intents and purposes a new and independent proceeding (*Matter of Douglas* v. *Bd. of Supervisors,* 172 N. Y. 309), and for that reason an appeal will lie from the decision annulling the first assessment.

CULLEN, Ch. J., HAIGHT, VANN, WILLARD BARTLETT, HISCOCK and CHASE, JJ., concur.

Appeal dismissed, with costs.