## LACLEDE GAS LIGHT CO. *v.* PUBLIC SERVICE COMMISSION ET AL.

No. 947.—Decided May 23, 1938.

*Messrs. Jacob Chasnoff, George C. Willson,* and *Hugo Monnig* were on a brief for appellant.

*Messrs. H. G. Waltner, Jr., James H. Linton,* and *Daniel C. Rogers* were on a brief for appellees.

Per Curiam.

Appellee, the Public Service Commission of Missouri, moves to dismiss the appeal upon the ground that there is no final judgment.

The Supreme Court of Missouri had before it an appeal from a judgment of the Circuit Court which had affirmed an order of the Public Service Commission fixing the value for rate making purposes of the property of the Laclede Gas Light Company and ordering a reduction in rates. The Company contended that the Com-

mission's order was confiscatory, in violation of the Fourteenth Amendment of the Federal Constitution. The Supreme Court reviewed at length the findings of the Commission and concluded that there should be a re-examination by the Commission of certain questions of fact as to elements of value. After stating these questions, the opinion of the Supreme Court concluded as follows:

"Subject to the foregoing, the judgment is affirmed and the cause remanded, with directions to the circuit court to remand to the commission that it may rehear and determine the facts on the four points above mentioned in accordance with the views in this opinion." 110 S. W. (2d) 749, 780.

The Public Service Commission contends that under the statutes of Missouri (R. S. Mo. 1929, § 5234) the Supreme Court of Missouri reviews the order of the Commission judicially, *Lusk* v. *Atkinson*, 268 Mo. 109, 118; 186 S. W. 703; *State ex rel. Detroit-Chicago Motor Bus Co.* v. *Public Service Comm'n*, 324 Mo. 270, 275; 23 S. W. 2d 115; *State ex rel. St. Louis* v. *Public Service Comm'n*, 329 Mo. 918, 927; 47 S. W. 2d 102; *State ex rel. Kansas City P. & L. Co.* v. *Public Service Comm'n*, 335 Mo. 1248, 1265; 76 S. W. 2d 343; that the Commission acts legislatively (*id.*); that, on the remand in this case, each of the matters mentioned by the Supreme Court will be before the Commission and that it may proceed anew in the exercise of its discretion in their determination. The Commission adds:

"The Commission may, therefore, make a new finding of 'fair value' substantially different from the one found, as of the date of the former hearing. Moreover, such a new finding of 'fair value' together with new findings concerning the allowance for annual depreciation and amortization of cost of change-over expense would necessitate the fixing of a new rate schedule.

"From the very nature of the various items remanded for rehearing, it is conceivable that the Commission may reach conclusions which would constitute the basis of another appeal.

"For the reasons stated appellee contends that there is not yet a final judgment from which an appeal can be taken."

We think that the contention of the Commission is well taken.

Appellant urges that, under the mandate of the Supreme Court, it would be the duty of the Circuit Court to proceed at once to execute its judgment affirming the rate reduction order, by distributing to the customers of appellant the amounts which have been held by a designated depositary, under order of the court, pending the final determination of the validity of the rate order. No ruling of the state court for such a distribution is before us. The judgment of the Supreme Court does not direct the payment over of the amounts on deposit, and the direction of the court for remand to the Commission for further examination of the questions stated apparently leaves in abeyance the final determination of the validity of the rate order and may result, as the Commission states, in action which may constitute the basis of another appeal. The Supreme Court expressly states that the affirmance of the judgment of the Circuit Court is subject to the requirement of reëxamination by the Commission as directed.

As we are unable to conclude upon the record before us that the state court has finally disposed of the controversy the motion to dismiss the appeal must be granted.

*Dismissed.*

MR. JUSTICE CARDOZO took no part in the consideration and decision of this case.