STATE OF MISSOURI at the Relation of the COUNTY OF ST. LOUIS, Missouri, Appellant, v. PUBLIC SERVICE COMMISSION of the STATE OF MISSOURI, MORRIS E. OSBURN, KYLE D. WILLIAMS, AGNES MAE WILSON, CHARLES L. HENSON and E. L. McCLINTOCK, as Members of said PUBLIC SERVICE COMMISSION, Respondents, No. 41479—228 S. W. (2d) 1.

Division One, March 13, 1950.

*Erwin F. Vetter,* County Counselor, for appellant.

*Tyre W. Burton, Frank J. Iuen, Henry McKay Cary* and *Chas. H. Mayer* for respondents; *John Mohler* of counsel.

VAN OSDOL, C.—Appeal by St. Louis County, relator, from a judgment of the Circuit Court of Cole County upon review reversing

a Report and Order of the Public Service Commission of Missouri (and remanding the cause), in which Report and Order the rates of the respondent Southwestern Bell Telephone Company were experimentally increased by the Commission in an estimated amount of additional annual revenue in excess of $3,000,000.

The Report and Order was promulgated January 18, 1949. The Chairman Osburn and Commissioner Williams concurred in ▮ the Report and Order, and Commissioner Wilson concurred in the result, but did not write a concurring opinion. Commissioners McClintock and Henson dissented. The Report and Order fixed February 1, 1949, as the effective date thereof. Relator-appellant St. Louis County, the City of Kansas City and others, who had intervened in the proceedings, filed timely motions for rehearing. Thereafter, on January 31, 1949, Commissioner Wilson filed a separate finding of facts and concurring opinion. In the concurring opinion, Commissioner Wilson expressed the view a different "valuation formula" should be used in determining the rate base than that employed by Chairman Osburn and Commissioner Williams.

On February 1st, the effective date of the Report and Order, the Commission overruled all motions for rehearing including that filed by relator-appellant, St. Louis County.

In due time thereafter, Kansas City and other cities, intervenors, and relator-appellant St. Louis County filed application for writs of review in the Circuit Court of Cole County. February 5, 1949, Kansas City filed a motion for immediate reversal or stay and suspension of the Report and Order. February 15th, the several writs of review were ordered consolidated; and February 21st the Circuit Court sustained the motion of Kansas City theretofore filed on February 5th, and the court entered a judgment reversing the Report and Order, and the cause was "remanded to the Public Service Commission for further proceedings consistent herewith." On February 26th relator-appellant filed its "Motion to Reconsider Judgment Denominated a 'Motion for New Trial,'" which motion was overruled March 26th, and thereafter, on April 2d, relator-appellant filed its notice of appeal.

The Circuit Court's findings and judgment of February 21st recited that the original Report and Order of January 18th was a nullity because it lacked a showing that a majority of the Commission adequately concurred therein; that the Report and Order had no validity until the separate concurring opinion of Commissioner Wilson was filed January 31st; and that the Report and Order as supplemented by the separate concurring opinion was unlawful because those interested were not allowed reasonable time to file motions for rehearing directed to the Report and Order as supplemented, inasmuch as the Report and Order was effective the following day, February 1st.

▪ ██ ▪ Relator, appellant herein, contends the Circuit Court erroneously remanded the cause. Appellant says the Report and Order of January 18th as supplemented on January 31st should have been declared completely void in the sense that the cause was thereby terminated. Appellant does not question the Circuit Court's reversal of the Report and Order. Appellant insists the Report and Order as supplemented shows there was no concurrence upon the "valuation formula" by which the rate base was to be determined. This, says appellant, "is fatal to the decision," and the proceeding has been adjudicated, leaving nothing to be done except to commence another rate hearing independent of the record of the evidence introduced in, the instant proceedings.

We cannot agree with appellant's contention. We bear in mind the Circuit Court did not review the proceedings on the merits, but held that the Report and Order of January 18th was a nullity, for want of the concurrence of the majority of the Commission; and that the Report and Order, considered as supplemented by Commissioner Wilson's concurring opinion of January 31st, was unlawful because the Report and Order was supplemented so near the effective date, February 1st, as to deprive those interested of the reasonable opportunity to prepare and file motions for rehearing. The Report and Order having been held to be a nullity and unlawful for the stated reasons, and the Report and Order having been reversed, but not on the merits, the proceedings were as if no report and order had been entered. Therefore, the Circuit Court remanded the cause so that the Commission could promulgate a valid and lawful report and order upon which, if reviewed, the Circuit Court could review ██ the proceedings on the merits. See New England Telephone and Telegraph Co. v. State of New Hampshire, 95 N. H. 353, 64 A. 2d 9; Chicago Railways Company v. Commerce Commission, 336 Ill. 51, 167 N. E. 840; Higgs v. State Industrial Commission, 197 Okl. 281, 170 Pac. 2d 240; and Allison v. Wilhite, 106 Ind. App. 16, 17 N. E. 2d 874, cited by appellant. The Circuit Court in remanding the cause for further action was acting within its discretionary power as provided by Statute. Section 5690 R. S. 1939, Mo. R. S. A. § 5690. No one has contended the Circuit Court's remand, after reversal, was arbitrary.

██ There was no finality of disposition of the proceedings by the reversal and remand which gave appellant the right to appeal therefrom. Section 5693 R. S. 1939, Mo. R. S. A. § 5693; Section 126, Civil Code of Missouri, Laws of Missouri, 1943, p. 353 at page 390, Mo. R. S. A. § 847.126; Laclede Gas Light Co. v. Public Service Commission, 304 U. S. 398, 58 S. Ct. 988; People ex rel. Long Acre Electric Light & Power Co. v. Public Service Commission, 199 N. Y. 254, 92 N. E. 629. After the remand, a judgment of the Circuit Court, if rendered upon writ to review a subsequently promulgated report and order, may afford the basis for an appeal.

Appellant argues the Section 126, Civil Code of Missouri, supra, is not to be considered in determining what is an appealable order or judgment in an action to review a; Public Service Commission proceeding. Appellant says the Public Service Commission Law of 1913, as amended, provides its own code for judicial review and Section 126, Civil Code of Missouri, supra, is not applicable. The case of State ex rel. Consumers Public Service Co. v. Public Service Commission, 352 Mo. 905, 180 S. W. 2d 40, is cited. The cited case refutes rather than supports appellant's argument. In that case this court was treating with the word "aggrieved" as used in the now repealed Section 1184 R. S. 1939, Mo. R. S. A. § 1184. See now Section 126, Civil Code of Missouri, supra. The case holds, that where an order was against "an interested party" to a Public Service Commission proceeding, such interested party was a party "aggrieved" within the meaning of Section 1184, supra.

In People ex rel. Long Acre Electric Light & Power Co. v. Public Service Commission, supra, the Public Service Commission of New York had entered an order denying an application for authority to issue stocks and bonds. Upon certiorari, the Appellate Division of the Supreme Court annulled the order, and referred the application back to the Commission for further action. The order or judgment of the Appellate Division, by which the proceeding was referred back to the Commission, was not final and afforded no basis for an appeal to the Court of Appeals of New York. The appeal was dismissed. Said the Court of Appeals, "The proceeding cannot be said to be finally terminated until the public service commission has again acted pursuant to the order of the Appellate Division."

In our opinion the instant appeal should be dismissed.

It is so ordered. *Lozier* and *Aschemeyer, CC.,* concur;

PER CURIAM:—The foregoing opinion by VAN OSDOL, C., is adopted as the opinion of the court. All the judges concur.