STATE of Missouri ex rel. CENTROPOLIS TRANSFER CO., Inc., Relator-Respondent,

v.

PUBLIC SERVICE COMMISSION of Missouri, Respondent,
and
Steel Haulers, Inc., Intervenor-Appellant.

No. 25527.

Kansas City Court of Appeals, Missouri.

Oct. 4, 1971.

Robert L. Hawkins, Jr., Victor Tell Neff, Graham & Hawkins, Jefferson City, for relator-respondent, Centropolis Transfer Co., Inc.

Frank W. Taylor, Jr., Kansas City, for intervenor-appellant Steel Haulers, Inc.

DIXON, Commissioner.

Initiated as an application for contract carrier authority before the Missouri Public Service Commission, this case reaches us as an appeal from a judgment entered in review proceedings filed in the Circuit Court of Cole County, Missouri. Steel Haulers, Inc., the applicant before the Public Service Commission, is the appellant here. Respondent is Centropolis Transfer, Inc., an intervenor protestant before the Public Service Commission. A review of the proceedings below will demonstrate that a capitulation of the evidence before the Public Service Commission is not necessary to a determination of this appeal. The Commission filed a separate appeal, later dismissed, and although nominally a party, did not participate in this appeal.

Steel Haulers, Inc. filed its application requesting authority to operate as a contract carrier with named concerns and from St. Louis, Kansas City, and other points in Missouri to all points in Missouri, irrespective of whether or not such points were on the route of regularly certificated common carriers. A large number of certificated common carriers intervened in the proceedings and presented evidence before the Public Service Commission adverse to Steel Haulers' application.

The Commission issued its "report and order" authorizing the requested authority with some reduction in the number of points and shippers to be served, but making such authority broad enough to permit such contract service to and from points on the routes of regularly certificated common carriers. This "report and order" was approved by two commissioners, one commissioner dissented, and two did not participate. A timely motion for rehearing was filed by Centropolis Transfer, and it was overruled by the three commissioners who participated in the original decision; and again, two of the commissioners did not participate.

A writ of review was issued by the Circuit Court of Cole County on the petition of Centropolis Transfer Co., Inc. Steel Haulers, Inc. appeared in support of the Commission's order. Other protestants likewise appeared in support of Centropolis but have not participated in this appeal. The Circuit Court entered a judgment declaring the order of the Public Service Commission a "nullity and unlawful," set the order aside, and remanded the cause to the Public Service Commission.

Respondent, in its printed brief in this court, has filed a motion to dismiss this appeal on the grounds that the judgment referred to above is not a final judgment and, therefore, is not appealable. This was ordered taken with the case, and we now must consider the effect of the judgment of the Circuit Court with respect to its finality in order to rule that motion.

The provision for circuit court review of orders of the Public Service Commission is found in section 386.510 (all references are to RSMo 1959 V.A.M.S. unless otherwise noted) which provides that such review shall be for the "purpose of having the reasonableness or lawfulness" of the administrative action determined. This statutory provision is broadened by the application of the provisions of the V.A.M.S. Missouri Constitution, Article 5, Section 22, setting forth the scope of review of administrative action pursuant to a hearing required by law. Wood v. Wagner Electric Corporation, 355 Mo. 670, 197 S.W.2d 647. Kansas City v. Rooney, 363 Mo. 902, 254 S.W.2d 626. This constitutional provision provides for review both as to whether such action is "authorized by law" and whether the action is "supported by competent and substantial evidence upon the whole record." Thus, the duty incumbent upon the reviewing circuit court is dual in nature, at least to the extent that a determination of competent and substantial evidence is a determination of a separate question as contrasted with the phrase "authorized by law." Maag v. Public Service Commission, Mo.App., 384 S.W.2d 801, 806. State ex rel. Kansas City Transit, Inc. v.

Public Service Commission, Mo., 406 S.W. 2d 5.

The case last cited is a clear exposition of the dual nature of review to which we are alluding. In that case, Judge Finch for the Supreme Court *en banc* first considered the question of whether or not there was statutory authority for the order in question and then considered (1. c. 11) the evidentiary support for the order, determining that there was competent and substantial evidence upon the whole record to support the order.

In its motion for rehearing before the Commission, and in its petition for review, Centropolis attacked the order of the Commission making a variety of contentions. These may be broadly characterized in two categories. First, that "the report and order" was not lawful, and here Centropolis relies primarily upon a claim that it did not represent the action of the majority of the commissioners since only two commissioners concurred. In a second category of claimed error, Centropolis attacks the various findings and conclusions of the "report and order" as not being supported by competent and substantial evidence on the whole record. Thus, the motion for rehearing and the petition for review raised questions covering the entire scope of judicial review.

The court's conclusions of law were responsive to the issue raised by Centropolis that the "report and order" was not "authorized by law." The court plainly stated in its conclusions of law that it believed that the order of the Commission was unlawful under the provisions of section 386.-130 because the court considered that the statute required concurrence of no less

than three commissioners. The court expressly refused to undertake a review to examine the contentions of Centropolis as to whether the findings and conclusions of the Commission's order were supported by competent and substantial evidence upon the whole record, the court noting that it had not "reviewed the proceedings before the Public Service Commission in this case upon its merits." [1]

■ Thus analyzed, we believe this record squarely presents a single question. Was the circuit court judgment "final and appealable?"

Section 386.540 provides for appeal from the judgment of the circuit court in proceedings for review under section 386.510 and provides in paragraph 4:

The general laws relating to appeals to the supreme court and the various courts of appeals in this state shall, so far as applicable and not in conflict with the provision of this chapter, apply to appeals taken under the provisions of this chapter.

The right of appeal thus referred to is purely statutory. Collier v. Smith, Mo. App., 292 S.W.2d 627. (Cases cited in footnote 1, page 629.)

Therefore, to the extent applicable and not in conflict with the review statutes, we consider the relevant statutes and cases to determine finality and, therefore, appellate jurisdiction in this court. Section 512.020 provides that a party aggrieved may take an appeal from " * * * any final judgment in the case. * * *" A judgment (defined by section 511.020 as "the final determination of the right of the parties in the action"), to be final and appealable,

1. Opinions have analyzed "review on the merits" to mean a review related to the question of evidence. Videon Corporation v. Burton, Mo.App., 369 S.W.2d 264, 270. Other opinions use the expression to denote a review subsequent to a determination of jurisdiction to review. Trigg v. Trigg, 226 Mo.App. 284, 41 S.W.2d 583, 590. We have avoided analysis predicated on this ambiguous term, preferring to consider the question of finality by reference to the scope of review and claimed error. Thus, under the analysis here, if Centropolis had not raised an issue respecting the substance and competence of the evidence to support the agency order, the circuit court order might well have been appealable, even though the judgment recites there had been no review on the merits.

must dispose of all the parties and of all issues in the cause and must leave nothing for future determination. Coonis v. Rogers, Mo.App., 413 S.W.2d 310, 313, and cases therein cited.

We look then to what the final determination of this controversy must be considering not only the scope of review, but also the issues raised for determination. It is apparent when the matter is considered in this light that section 386.510 plainly requires review by the circuit court *"on the evidence and exhibits introduced before the commission"* when the issue of evidentiary support has been raised. Thus, essential to a final judgment and determination of the controversy between these parties must be a review upon the evidence and exhibits which satisfies the second aspect of judicial review, to-wit: a determination by the circuit court that the report and order of the commission was supported by competent and substantial evidence upon the whole record. Until that determination is made, no final judgment of the circuit court is rendered because one of the "issues" has not been resolved.

It is plain enough, however, that the scope of review here set forth is not required in every case. The obligation of review by both the circuit court and this court may be limited as to scope of review by the allegations of error in the motion for rehearing and in the petition for review. Unless the party seeking review raises the question properly in the motion for rehearing and by its petition, the question of a review to determine whether the order is supported by competent and substantial evidence on the whole record is not required. Section 386.500(2). State ex rel. City of West Plains v. Public Service Commission, Mo., 310 S.W.2d 925, 934.

Nor can we make that review absent the circuit court's findings. We are powerless to review that question now since we have no power of direct review of the Commission's orders, but receive our authority for reviewing such orders under section 386.-540 which provides for the right of appeal from the circuit court judgment "as appeals from judgment of the circuit court in civil cases except as otherwise provided in this chapter."

This issue of the finality of such a judgment in the circuit court has been determined in a case in which the facts were somewhat analogous to the instant facts. In State ex rel. St. Louis County v. Public Service Commission et al. (Southwestern Bell Telephone Co., Intervenor), 360 Mo. 270, 228 S.W.2d 1, the Public Service Commission had entered an order providing for experimental rates for Southwestern Bell. This order was considered by all five members of the Commission; two concurred in the order. One concurred in result without opinion, and two dissented on the date of the order which was January 18, 1949. Thereafter, and on January 31, 1949, a concurring opinion of a third member was filed. The order, by its terms, was effective on February 1, 1949. St. Louis County filed an application for a writ of review and immediate suspension or stay of the order, and the circuit court entered an order reversing and remanding. The stated ground of the circuit court ruling was that the January 18, 1949 order was not *properly* concurred in on January 18, 1949, by three commissioners, and that the *proper* concurrence on January 31 was unlawful since it did not permit enough time for the filing of motions for rehearing before the effective date of the order. There was no review of the record of the Public Service Commission to determine if the order was supported by substantial and competent evidence. The Supreme Court held that the appeal should be dismissed on the ground that there was no appealable order. It does not appear from the opinion why the concurrence without opinion on January 18 was considered improper. Appellant was not questioning the validity of reversal of the report and order by the circuit court nor the grounds therefor, and that question was not before the court. The appellant was contending that the court had *properly* set aside the order, but in the circumstances, was in error in *re-*

**28**

*manding* the cause to the Commission. The appellant argued that the stated grounds for the court's decision was such as to be "fatal to the decision" which in appellant's view terminated the proceedings before the Public Service Commission. The Supreme Court held that the action of the court in reversing and remanding the cause to the Commission *did not terminate the proceedings and was not a final disposition of the cause, and the appeal should therefore be dismissed.* We see nothing to make that decision distinguishable from the instant case.

Respondent has briefed the case here on the assumption that we will review on the "merits." They base this assumption on the general rule that review by the circuit court is in the nature of an equitable proceeding and that since appellate review of equitable proceedings is *de novo*, we should address ourselves to the second ground of review, the sufficiency of evidence to support the order. They rely on State ex rel. C. R. I. & P. R. Co. v. Public Service Commission, Mo.App., 441 S.W.2d 742, 748, as holding that Civil Rule 73.01(d), V.A. M.R., is applicable to proceedings such as these and that therefore we are bound to consider the "sufficiency" of the evidence. Respondents have taken too broad a view of the ruling in the Chicago & Rock Island case. There, the *only* issue was whether the issue of "sufficiency" was raised in the after-trial motion of appellant and the court correctly held that such failure did not prohibit its consideration of that question on appeal. The court there was considering a final judgment where the circuit court had ruled upon the question of the sufficiency of the evidence to support the administrative order and which was a "final" judgment sufficient to support an appeal therefrom.

If we adopted respondent's view and considered this matter upon the "merits," we would, in effect, be ruling that the provisions of Section 386.510 for circuit court review of the sufficiency and competence of the evidence upon the whole record are meaningless. This we decline to do.

■ Appellant urges that it is deprived of a review of the action of the circuit court in declaring the order of the Commission invalid by reason of the concurrence of only two members of the Commission. We express no position with respect to the merit of the underlying controversy as to the number of commissioners necessary to enter a valid order, but note that although we are holding that there is no direct right of appeal from the order remanding to the agency, the propriety of an interlocutory order which remains in issue upon a subsequent appeal is still reviewable on appeal from a final judgment. Section 512.020. Wicker v. Knox Glass Associates, 362 Mo. 614, 242 S.W.2d 566. Mitchell v. Johnston, Mo., 241 S.W.2d 902.

The motion is sustained, and the appeal is dismissed.

MAUGHMER, C., concurs.

PER CURIAM.

The foregoing opinion of DIXON, C., is adopted as the opinion of the Court.

All concur.