IRON COUNTY, Missouri, a body corporate and politic, et al., Respondents,

v.

The STATE TAX COMMISSION of Missouri, et al., Respondents,
and
The Ruberoid Company, a division of GAF Corporation, and City of Annapolis, Appellants.

No. 57231.

Supreme Court of Missouri,
Division No. 1.

April 18, 1972.

Motion for Rehearing or for Transfer to Court En Banc Denied May 15, 1972.

Boyle, Priest, Elliott & Weakley, St. Louis, for Iron County.

John C. Danforth, by Richard L. Wieler, Jefferson City, for State Tax Commission.

Dick H. Woods, John K. Bestor, George E. Gibson, George E. Feldmiller, Stinson, Mag, Thomson, McEvers, & Fizzell, Kansas City, for Ruberoid Co., a Division of General Aniline & Film Corporation, and City of Annapolis.

BARDGETT, Judge.

This appeal was taken by The Ruberoid Company, a division of GAF Corporation, and the City of Annapolis, Missouri. Respondents are Iron County, Missouri, Selwyn Light, Assessor of Iron County, Missouri, and The State Tax Commission of Missouri. South Iron School District 'R–1 is an intervenor-respondent.

Respondents have moved this Court to dismiss the appeal on the ground that the order entered by the Circuit Court is not an appealable order, and appellants have opposed this motion.

While the ultimate issue at this stage of the proceeding is whether or not the order of the Circuit Court is an appealable order, the crux of the matter is whether or not the "Findings of Fact and Conclusions of Law" entered by the State Tax Commission constitute substantial compliance with Chapter 536 (Administrative Procedure and Review) and in particular with § 536.-090, RSMo 1969, V.A.M.S., which requires that the decision of the Agency (State Tax Commission) " * * * shall include or be accompanied by findings of fact and conclusions of law." With respect to the findings of fact, § 536.090, supra, states, "The findings of fact shall be stated separately from the conclusions of law and shall include a *concise statement of the findings on which the agency bases its order.*" (Emphasis supplied.)

The Memorandum Order entered by the Circuit Court of Iron County on July 14, 1971 suffices to set forth the chronology of events as well as the action the Circuit Court took with respect to the order of the State Tax Commission. It is as follows:

"The matter of the assessment of The Ruberoid Company for the years 1966, 1967 and 1968 are considered as a single case.

"When the Iron County Board of Equalization upheld the assessment made by the Iron County Assessor on the leasehold interest of Ruberoid, Ruberoid appealed to the State Tax Commission, contending that the assessment was unlawful, unfair, improper, arbitrary and capricious.

· "The State Tax Commission heard the matter and made findings of fact, conclusions of law and rendered its decision adversely to appellants, stating that: 'The assessment placed by the Assessor of Iron County on Ruberoid's leasehold interest in the real property leased by it from City as of January 1, 1966, 1967 and 1968, is unfair, improper and excessive.'

"The decision of the State Tax Commission appealed to the Circuit Court, the matter heard and briefed.

"The Court finds that the Findings of Fact, Conclusions of Law, and Decision as entered by the State Tax Commission in the within cause for the years 1966, 1967 and 1968 do not conform to the requirements of Section 536.090 RSMo, 1959 [V.A.M.S.] in that the Findings of Fact, and particularly paragraphs Eight (8) and Nine (9) thereof do not include a concise statement of the findings on which the Commission bases its order.

"That the assessor's assessment is 'unfair, improper and excessive,' is but a bare conclusion. The conclusion may be entirely accurate and correct, but what is the basis of the Commission's finding?

"The fair, proper and correct assessed valuation may well be $113,691 for the year 1966; $140,874 for the year 1967 and $95,-584 for the year 1968, but where in the Findings of Fact do we find a concise statement or summary forming the basis for this bare conclusion?

"It is true that the very first sentence states that: 'The Commission finds from the evidence before it that . . .' The transcript of the evidence contains some 280 pages, with numerous exhibits and the Court perhaps could arrive at the same decision the Commission reached by carefully sifting page by page through the transcript and exhibits. Section 536.090 R. S.Mo., 1959 [V.A.M.S.] places a burden on the Commission to set forth in the Findings of Fact a concise statement of the findings on which the agency bases its order. This has not been done.

\* \* \* \* \* \*

"July 14, 1971.

"It is the Order of the Court that the matter be remanded to the Commission with the direction that it again examine the whole record for each of the three (3) years in question, and if a majority of the commissioners so desire, re-open the entire matter, make appropriate Findings of Fact and Conclusions of Law as directed by Sec. 536.090 and give notice of its action as required by Law."

It is from the above order of the Circuit Court that appellants have taken this appeal. Set forth, infra, are the Findings of Fact, Conclusions of Law and Decision of the State Tax Commission in its File No. 1966–233 as it is representative of the Findings of Fact, etc., of the State Tax Commission in the other two matters involved in this case, the same being State Tax Commission File No. 1967–202 and 1968–130.

"BEFORE THE STATE TAX COMMISSION
OF MISSOURI

"In the Matter of the Assessment of THE RUBEROID COMPANY and CITY OF ANNAPOLIS, IRON COUNTY, MISSOURI ⎬ File No. 1966–233

"FINDINGS OF FACT, CONCLUSIONS OF LAW AND DECISION

"FINDINGS OF FACT

"The Commission finds from the evidence before it that:

"1. Petitioner, The Ruberoid Company (hereinafter referred to as 'Ruberoid') is a division of GAF Corporation, a Delaware corporation, and is authorized to do business in the State of Missouri. It is engaged in the business of manufacturing and selling building materials including asphalt shingles surfaced with mineral granules.

"2. The City of Annapolis (hereinafter referred to as the 'City') is a municipality duly organized and existing under the laws of the State of Missouri and is located in Iron County, Missouri. City is the owner of 82.75 acres of land situated within its boundaries and of an industrial plant located thereon consisting of buildings, improvements, machinery, and all equipment of every kind. This land and plant adjoin land owned by Ruberoid on which there is a granite quarry.

"3. Ruberoid and City entered into a lease dated October 1, 1963, pursuant to the Industrial Development Act, No. 71 790–71.850, RSMo 1961 Supp., now renumbered No. 100,010 (Sic)–100.190, RSMo 1967 Cum. Supp. [V.A.M.S.]. City contracted to issue industrial revenue bonds in the principal amount of $5,000,000. From the proceeds thereof it agreed to purchase from Ruberoid the 82.75 acres referred to above for $25,000 and, with the remainder of the bond proceeds, to pay for construction thereon of a manufacturing and industrial plant (including machinery and equipment suitable for extraction, processing, storage and sale of ores, minerals and related products) for use by Ruberoid as lessee. The land and plant were referred to as the facility.

"4. The basic term of the lease was for twenty years, with options to renew for fifteen successive terms of five years each. The industrial revenue bonds to be issued by City likewise were payable over this twenty-year period, and the rental payments were calculated and pledged to pay the interest and principal payments on the bonds as they came due. These rental

payments, commencing September 15, 1965, and ending March 15, 1983, aggregated $7,047,318.90. The lease provided for payment of additional rentals of $1,000 per year, to be increased to $8,000 per year if City should issue general obligation bonds to construct or acquire a municipal waterworks system. The increased amount was not to extend beyond December 31, 1982, and was subject to reduction of not to exceed $1,000 per year if state, county, school or city ad valorem taxes were assessed against the facility. The renewal options all called for annual rentals of $1,000. In addition, Ruberoid was to pay for all insurance, repairs, maintenance and utilities. Ruberoid also agreed to pay all taxes and assessments, general and special, if any, assessed against the facility or tenant's interest therein under the lease. City agreed to cooperate with Ruberoid to contest any such assessments and Ruberoid was given the right in its name or City's name, or both, to contest any such assessments.

"5. The lease provided further that if the City became empowered under the laws of Missouri to sell or otherwise dispose of the facility, Ruberoid would have, after August 1, 1973, an option to purchase. The option price was fixed at the full amount then required to redeem all outstanding revenue bonds (taking into account any sums on hand at the time in the principal and interest account for that purpose) plus $1.00. If all bonds had been retired when the option was exercised, the option price was to be $1.00.

"6. The facility was completed and first became operational in August, 1965, at a total effective cost of $5,369,912, being $25,000 for the land and $5,344,912 for the improvements.

"7. As of January 1, 1966, at which time the remaining term of the lease was 18 years, the Assessor of Iron County made an assessment against Ruberoid on the leasehold interest in the City's real property and improvements thereon in the total amount of $1,238,400. Ruberoid and City duly appealed the assessment to the Iron County Board of Equalization which made no change in the assessment. Thereafter, pursuant to and within the time required by law, Ruberoid and City filed an appeal to the State Tax Commission of Missouri. The Commission duly notified all parties that hearing would be held before the Commission in the County Court Room, County Court House, in Ironton, Iron County, Missouri, at 9:00 a. m., Tuesday, May 6, 1969. The case was heard at that time and place, Ruberoid and City being represented by John K. Bestor, Esq., and George E. Gibson, Esq., of Kansas City, Missouri, and Iron County and the School District being represented by Howard Elliott and Edward D. Weakley of St. Louis, Missouri.

"8. The assessment placed by the Assessor of Iron County on Ruberoid's leasehold interest in the real property leased by it from City as of January 1, 1966, is unfair, improper and excessive.

"9. The fair, proper and correct assessed valuation of Ruberoid's leasehold interest in the real property leased by it from City is $113,691 for taxes of 1966.

"CONCLUSIONS OF LAW

"1. The Commission has jurisdiction of this proceeding and the parties thereto.

"2. Every owner of real property and every person having an interest in real property shall have the right to appeal from the County Board of Equalization to the State Tax Commission under the rules prescribed by said Commission.

"3. The Commission shall hear all appeals from the local Board of Equalization de novo, and shall investigate all such appeals and shall correct any assessment which is shown to be unlawful, unfair, improper, arbitrary, or capricious.

"4. Real property shall be assessed for tax purposes at its true value in money as

compared with the average valuation of all real property of the county.

"5. Section 137.010, RSMo 1959, [V.A. M.S.], classifies real property as land itself, whether laid out in town lots or otherwise, and all growing crops, buildings, structures, improvements and fixtures of whatever kind thereon, and all rights and privileges belonging or appertaining thereto. Under that classification, all such property and rights and privileges therein having value as of the assessment date, must be assessed unless exempt from taxation. A leasehold interest in real property falls within the definition of the term 'real property' and must be assessed as such if the leasehold interest in fact has value on the assessment date. The determination of the correct assessed valuation of a leasehold interest in real property in all appeals before the State Tax Commission is a matter of discretion legally vested in the Commission.

"DECISION

"The State Tax Commission, after due consideration and study of the evidence, exhibits and data presented on behalf of Ruberoid and City, and on behalf of Iron County and the School District, and in the exercise of the discretion legally vested in it, finds and concludes that the assessment placed by the Assessor of Iron County against Ruberoid's leasehold interest in the real property leased from City as of January 1, 1966, is unfair, improper and excessive, and that the correct assessed valuation of said leasehold interest is $113,691 for taxes of 1966.

"It is so ordered.

"STATE TAX COMMISSION OF
MISSOURI"

In St. Louis County Water Co. v. State Highway Comm., Mo., 386 S.W.2d 119, this Court reversed the judgment of the Circuit Court affirming the Commission's order and remanded the cause to the Circuit Court with directions to remand to the Commission for further proceedings in accordance with the opinion. This action was taken by this Court because the Commission made no findings properly determinative of the case, although the Commission did enter its order directing the water company to relocate some of its facilities located on the state highway right-of-way. This Court said, l. c. 124:

"We do not deem it our proper function to decide, in this case, whether or not the commission could, on the basis of this and other evidence presented, have found basic facts to support its ultimate finding. 'The Commission is the fact-finding body, and the Court examines the evidence not to make findings for the Commission but to ascertain whether its findings are properly supported.' "

The per curiam opinion written on Motion for Rehearing or For Transfer to Court en Banc in St. Louis County Water Co., supra, set forth basic elements necessary in order to comply with the requirement that the Commission enter findings of fact. The Court stated, l. c. 125:

"By its motion for rehearing or in the alternative for transfer to the Court En Banc, the Commission argues that the findings which it made in this case were sufficient. The motion asserts: 'The only ultimate fact which the Commission was required to find was whether or not the water mains in question would interfere with the construction, maintenance or use of the highway.' Insofar as the finding of ultimate fact is concerned, we can agree with this contention. We do not agree, however, that such ultimate finding, couched in the statutory language, is the only finding the Commission was required to make. The Commission must also have found the basic facts from which such ultimate fact might be inferred. 'Courts do not want agencies to include detailed summaries of testimony in their findings; they want what they call the basic facts. * * The basic findings are those on which the ultimate finding rests; the basic findings are more detailed than the ultimate finding but less detailed than a summary of the

evidence.' 2 Davis, Administrative Law Treatise, Section 16.06, pages 450, 451. Only when the administrative agency makes such basic findings can a court properly perform its limited function of review of the administrative action. To repeat Judge Hyde's statement in Michler v. Krey Packing Co., 363 Mo. 707, 253 S. W.2d 136, 142, 'In any case, finding should be sufficient to show how the controlling issues have been decided.' "

█ The Tax Commission's Findings of Fact, Nos. 1–7, noted above, are a mere statement of the chronology of events that transpired up to the time that the matter came before the State Tax Commission, and do not constitute any factual resolution of the matters in contest before the Commission, nor do they advise the parties or the Circuit Court of the factual basis upon which the Commission reached its conclusion and order. They resolve no factual disputes and therefore do not constitute true "Findings of Fact." They do not provide any basis for the Circuit Court to perform its limited function in reviewing administrative agency decisions because they do not show how the controlling issues have been decided. St. Louis County Water Co. v. State Highway Comm., supra, 1. c. 123.

Findings Nos. 8 and 9, supra, actually constitute the "Decision" of the Commission. It is true that the decision of the Commission can be called the ultimate finding of fact in the case, however, it is not supportive of itself. Had the legislature determined that all that was required of an administrative agency in the rendition of its decisions was for the agency to enter up its final conclusion, much the same as a jury verdict, there would have been no reason to enact Section 536.090, supra, and require that the agency include "a concise statement of the findings on which the agency bases its order", for the order itself would be all that the legislature required.

Sec. 536.140(5), RSMo 1969, V.A.M.S., provides: "The court shall render judgment affirming, reversing, or modifying the agency's order, and may order the reconsideration of the case in the light of the court's opinion and judgment, and may order the agency to take such further action as it may be proper to require; but the court shall not substitute its discretion for discretion legally vested in the agency."

Appellants' joint reply memorandum expresses fear that if this Court dismisses this appeal then whenever a Circuit Court, in reviewing an administrative decision, labels its (the Circuit Court's) decision a "remand" then such a decision cannot be reviewed on appeal by this Court and this would give the Circuit Court an unbridled mechanism to "remand" decisions back to the administrative agency until that agency renders a decision that accords with the views of the Circuit Court on the merits; and that such action by a Circuit Court would constitute a usurpation of administrative decision that was never intended in the application of Chapter 536, V.A.M.S.

The fear expressed is unfounded. The statutes themselves require the administrative agency to set forth its findings of fact and it would seem clear that the purpose in requiring such to be done is in order that the Circuit Court can know the basis for the agency's decision in order that it, the Circuit Court, can perform its limited review function and not substitute its discretion for that of the administrative agency.

█ We are not to be understood in this opinion as deciding any phase of this case on the merits nor as indicating approval or disapproval of the Commission's decision on the merits. Our order of dismissal of this appeal as premature is premised solely on the holding that there are no findings of fact appearing in the Commission's "Findings of Fact, Conclusions of Law and Decision" from which a Circuit Court could know the basis upon which the

Commission reduced the assessment of $1,-238,400.00 to $113,691.00 for the year 1966 and the comparable reductions made with reference to the years 1967 and 1968.

■ The order of the Circuit Court of Iron County was authorized by Sec. 536.140 (5), supra, and was properly entered. We have set forth the Commission's Findings, Conclusions and Decision in this case in order that administrative agencies can know that a mere recitation of events giving rise to a controversy does not comply with Sec. 536.090, supra, and that it is the obligation of such agencies to resolve disputed questions of fact and set these resolutions forth as the agency's findings in order that, upon review, the Circuit Court can perform its function of review as required by Chapter 536, V.A.M.S.

The appeal filed here is premature as the order of the Circuit Court does not constitute a final disposition of the case and is not a final appealable order. State ex rel. St. Louis County v. Public Service Comm., 360 Mo. 270, 228 S.W.2d 1; Hickman v. Division of Employment Security, Mo.App., 448 S.W.2d 270.

The appeal is dismissed as premature.

All concur.

On Motion for Rehearing or for Transfer to Court en Banc

PER CURIAM:

■ Appellants' joint motion for rehearing or for transfer to the Court en Banc suggests, inter alia, that there is ambiguity in the trial court's order, which we have held to not be a final appealable order, in that the trial court's order of remand to the State Tax Commission may be subject to the interpretation that it authorizes the State Tax Commission to hold new or additional evidentiary hearings in the matters which are the subject of this case.

The trial court's memorandum opinion and findings made therein clearly evidences

that the singular premise upon which the trial court's order was entered was the failure of the State Tax Commission to include in its order *"a concise statement of the findings* on which the [Commission] bases its order" as required by Sec. 536.090, V.A.M.S. It was this defect that prevented the trial court from performing its limited review function and which, in turn, prevents this Court from performing its appellate function on the merits of the cause, thus resulting in the appeal being premature. It was to correct this defect that the trial court entered its order of remand.

The trial court's order of remand to the State Tax Commission is not subject to the interpretation suggested as a possibility by appellants.

Appellants' joint motion for rehearing or for transfer to the Court en Banc and for oral argument on this motion is overruled.