STATE of Missouri ex rel. SOUTH-WESTERN BELL TELEPHONE, L.P., d/b/a SBC Missouri, and Sprint Missouri, Inc., d/b/a Sprint, Appellants,

v.

The MISSOURI PUBLIC SERVICE COMMISSION and Office of Public Counsel, Respondents.

Nos. WD 64502, WD 64592.

Missouri Court of Appeals, Western District.

July 26, 2005.

Motion for Rehearing and/or Transfer to Supreme Court Denied Aug. 30, 2005.

Application for Transfer Denied Nov. 1, 2005.

Paul G. Lane, Leo J. Bub, Robert J. Gryzmala, and Mimi B. MacDonald, St. Louis, MO, for appellant SBC.

Kenneth A. Schifman and Brett D. Leopold, Overland Park, KS, for appellant Sprint.

Dana K. Joyce, General Counsel, and William K. Haas, Deputy General Counsel, Jefferson City, MO, for respondent PSC.

Michael F. Dandino, Senior Public Counsel, Jefferson City, MO, for respondent Office of the Public Counsel.

Before: EDWIN H. SMITH, C.J., and HOWARD and HOLLIGER, JJ.

EDWIN H. SMITH, Chief Judge.

Southwestern Bell Telephone (SBC), d/b/a SBC Missouri, filed, pursuant to § 392.245.11, proposed tariff revisions with the Public Service Commission (Commission) seeking to increase rates for certain non-basic telecommunications services being provided to its customers. Following a hearing, the Commission denied SBC's proposed tariff revisions on the basis that they were "not just and reasonable." SBC appealed to the Circuit Court of Cole County, which affirmed the Commission's order denying the proposed revisions.

SBC raises four points on appeal, the first three of which essentially raise the same issue. In Points I, II and III, SBC claims that the Commission erred because its order denying its proposed tariff revisions was unlawful in that the Commission "disregarded the requirements of section 392.245.11, ... requir[ing] the [C]ommission to approve price cap increases up to 8% each year for non-basic services[.]" In Point IV, SBC claims that the Commission erred because its order denying the proposed tariff revisions was unreasonable "in that [the Commission] had previously ap-

proved ... significantly higher rates charged by SBC Missouri's competitors for the identical services."

We reverse and remand.

## Facts

On June 10, 2003, SBC filed proposed tariff revisions with the Commission seeking to establish increased rates for two non-basic telecommunications services being provided to its customers, specifically: (1) Line Status Verification (LSV), which allows a caller to check for conversation on another telephone line; and (2) Busy Line Interrupt (BLI), which allows a caller to request that another line be interrupted in order to receive a call from the calling customer. At the time, SBC was charging $1.50 for each use of LSV, and $2.31 for each use of BLI. The proposed rates were $1.62 and $2.49, which constituted increases of 8% and 7.8%, respectively.

On July 3, 2003, the Commission, on its own motion, suspended the proposed tariff revisions until November 7, 2003. On July 17, the Commission granted the intervention applications of Sprint Missouri, Inc., Spectra Communications Group, L.L.C., and CenturyTel of Missouri, L.L.C. On October 27–28, a hearing was held, and, on November 6, 2003, the Commission issued its order denying SBC's proposed tariff revisions. The Commission recognized that the proposed rates were less than the statutory maximum allowable price, as set forth in § 392.245.11, but nonetheless determined that the proposed rates were "excessive," such that they were "not just and reasonable."

On November 14, 2003, SBC filed an application for rehearing, which the Commission denied. On December 8, 2003, SBC filed a timely writ of review in the Circuit Court of Cole County, which was taken up and heard on June 30, 2004. On August 16, 2004, the circuit court affirmed the decision of the Commission, finding that its order was "based upon competent and substantial evidence on the record as a whole[.]"

■ This appeal followed.[1]

## I.

■ SBC claims in Points I–III that the Commission erred because its order denying the proposed tariff revisions was unlawful in that the Commission "disregarded the requirements of section 392.245.11, ... requir[ing] the [C]ommission to approve price cap increases up to 8% each year for non-basic services[.]" Specifically, it claims that the proposed rates were less than the statutory maximum allowable price such that the Commission lacked authority under "price cap regulation" to deny the proposed tariff revisions. We agree.

■ In *State ex rel. Coffman v. Public Service Commission,* 154 S.W.3d 316, 319–20 (Mo.App.2004) (internal citations omitted), we set forth the standard of review for appeals from decisions of the Commission:

On appeal, this court reviews the Commission's decision, not that of the circuit court. Our function is two-fold:

---

1. Consolidated with this appeal is the appeal of Sprint Missouri, Inc. (Sprint), WD 64592. Sprint had sought the same tariff increases as SBC in a separate rate case. However, unlike SBC's request, Sprint's request was approved by the Commission as being reasonable. As such, Sprint was not aggrieved by the Commission's decision in its case. Likewise, it was not aggrieved by the Commission's decision in SBC's case. Inasmuch as Sprint was not aggrieved by the Commission's decision in its case or SBC's case, it has no standing to appeal, requiring us to dismiss. *State v. Pub. Serv. Comm'n,* 360 Mo. 270, 228 S.W.2d 1, 3 (1950).

we must first determine whether the decision is lawful and then whether it is reasonable. The appellant[ ] bear[s] the burden of showing that the decision is either unreasonable or unlawful.

In determining whether the order is lawful, we exercise unrestricted, independent judgment and correct any erroneous interpretations of law. Lawfulness is determined by whether statutory authority for the order exists, and all legal issues are reviewed de novo.

If the order is lawful, we must then determine whether it is reasonable. Reasonableness depends on whether the order is supported by competent and substantial evidence on the whole record; whether the decision was arbitrary, capricious, or unreasonable; or whether the Commission abused its discretion. The decision of the Commission on factual issues is presumed to be correct until the contrary is shown and we are obliged to sustain the Commission's order if it is supported by substantial evidence on the record as a whole.

Until 1996, every telecommunications company in Missouri was regulated in accordance with § 392.240. Under that statutory scheme, commonly known as "rate of return regulation," telecommunications companies were permitted to raise the rates they charged consumers by filing proposed tariffs with the Commission that permitted them to receive a certain rate of return, which then went into effect, unless challenged by the Commission as being unjust or unreasonable. *State Ex Rel. Sprint Mo., Inc. v. Pub. Serv. Comm'n,* 165 S.W.3d 160 (Mo. *banc* 2005). In 1996, however, our legislature passed legislation authorizing non-traditional telecommunications companies to begin competing with existing telecommunications companies. *Id.* at 161–62. In the new legislation, the newly authorized non-traditional compa-

nies were called "alternative local exchange telecommunications companies" or ALEC's, § 386.020.1, while already existent companies, such as SBC, were called "incumbent local exchange telecommunications companies," or ILEC's. Section 386.020.22, .30. *Id.* at 161–62. In order to ensure a level playing field for both ALEC's and ILEC's, the legislature adopted a regulatory scheme permitting an ILEC, under certain circumstances, to request that it be subject to a less restrictive regulatory scheme known as "price cap regulation." *Id.* at 162; *see also Coffman,* 154 S.W.3d at 318. That scheme is set forth in § 392.245, and is defined as an "establishment of maximum allowable prices for telecommunications services offered by an incumbent local exchange telecommunications company, which maximum allowable prices shall not be subject to *increase except as otherwise provided in* this section." § 392.245.1. As to the Commission's role in price cap regulation, § 392.245.1 provides that "[t]he commission shall have the authority to ensure that rates, charges, tolls and rentals for telecommunications services are just, reasonable and lawful by employing price cap regulation."

There is no dispute as to the fact that SBC is subject to price cap regulation under § 392.245 as an ILEC. Therefore, in order to increase its rates for non-basic services being offered to its customers, SBC is required to comply with § 392.245.11, which governs such rate increases. That section, in pertinent part, provides:

[T]he maximum allowable prices for non-basic telecommunications services of an incumbent local exchange telecommunications company may be annually increased by up to eight percent for each of the following twelve-month periods upon providing notice to the commission

and filing tariffs establishing the rates for such services in such exchanges at such maximum allowable prices.... An incumbent local exchange telecommunications company may change the rates for its services, consistent with the provisions of section 392.200, but not to exceed the maximum allowable prices, by filing tariffs which shall be approved by the commission within thirty days, provided that any such rate is not in excess of the maximum allowable price established for such service under this section.

§ 392.245.11. As noted, *supra*, in accordance with § 392.245, SBC filed with the Commission proposed tariff revisions requesting that it be permitted to raise its rates for two non-basic services being provided to its customers. In denying SBC's proposed tariff revisions, the Commission, although recognizing that the proposed rates were less than the statutory maximum allowable price of § 392.245.11, eight percent more than the rate being charged, nonetheless denied the proposed rate increases, based upon its determination that they were "not just and reasonable." In other words, the Commission conducted an independent just-and-reasonable analysis separate from its analysis concerning whether the proposed rate increases were in keeping with the statutory maximum allowable price.

SBC claims that because its proposed rate increases did not exceed the maximum allowable price, under § 392.245.11, the Commission lacked authority to deny its proposals. In other words, SBC, while conceding that the Commission is charged under § 392.245.1 with the duty of ensuring that the rates, charges, tolls and rentals charged by telecommunications companies are just, reasonable and lawful, is claiming that the Commission does this by ensuring that the rates, charges, tolls and rentals charged by telecommunications companies do not exceed the statutory maximum allowable price. Essentially SBC is claiming that the maximum allowable price set forth in § 392.245.11 constitutes a legislative determination of what constitutes a just and reasonable rate increase for non-basic telecommunications services, without any interference by the Commission in determining whether they are just and reasonable.

The Commission contends that it is not only authorized to determine whether proposed rates exceed the statutory maximum allowable price, but also to conduct a separate just-and-reasonable analysis considering all relevant factors. The Commission argues that this authority stems from the language of § 392.245.11 that: "An incumbent local exchange telecommunications company may change the rates for its services, consistent with the provisions of section 392.200, but not to exceed the maximum allowable prices[.]" According to the Commission, because § 392.200 contains, along with numerous prohibitions against discriminatory pricing, a general clause stating that "[a]ll charges made and demanded by any telecommunications company for any service rendered or to be rendered in connection therewith shall be just and reasonable[,]" the legislature, by stating that an ILEC may only change the rates for its services in a manner consistent with the provisions of § 392.200, intended to authorize the Commission to conduct an independent just-and-reasonable analysis concerning proposed rates. Thus, the issue here is whether § 392.245.11 authorizes the Commission to conduct an independent just-and-reasonable analysis aside from its analysis concerning whether the proposed rates exceed the statutory maximum allowable price, under § 392.245.11, or, put another way, whether SBC and other ILEC's have the unfettered right to raise rates for non-

basic services up to eight percent per year, provided they comply in all other respects with § 392.245.11.

In *Sprint,* the Missouri Supreme Court was called upon to interpret § 392.245.11. There, the Commission denied Sprint's proposed tariff revision, requesting that it be permitted to increase its rate for a non-basic service by 16% from the rate being charged. 165 S.W.3d at 163. On appeal, Sprint claimed that such a rate increase was permitted under § 392.245.11 because it had refrained from raising its rate for the service in question the previous two years such that the proposed rate was only an eight percent increase from the previous year's maximum allowable price. *Id.* at 164–65. Hence, Sprint argued that the current maximum allowable price is not determined by the rate actually charged in the previous year, but instead by the previous year's theoretical maximum allowable price. *Id.* "Sprint argue[d] that it should be allowed to 'bank' the annual eight percent rate increases it could have, but did not file, because otherwise it would be 'forced' to increase rates by eight percent every year[.]" *Id.* The Court disagreed, holding that the Commission's order denying Sprint's proposed tariff revision was lawful. Specifically, the Court held that:

> [T]he maximum allowable price may be annually increased by up to eight percent. A company may choose not to increase up to the cap—indeed, if competition is working as anticipated, it may well not do so—but, in any case, the new base on which the next year's cap will be figured will be the actual rate charged as set out in the tariff.

*Id.* at 165–66. In doing so, the Court stated that, "when [Sprint] sought to raise its rates . . ., its *right* to such an increase in price was capped at an eight percent increase over its prior year's rate." *Id.* at 165 (emphasis added). Furthermore, the Court, while explaining the history and purpose of price cap regulation, stated that: "Of course, pursuant to section 392.245.1, the ILEC is still subject to [the Commission's] regulatory authority 'to ensure that rates, charges, tolls and rentals for telecommunications services are just, reasonable and lawful.' But, [the Commission] does so by means of 'price cap regulation[.]' " *Id.* at 162–63.

There can be no doubt from the Court's holding in *Sprint* that the Court interpreted § 392.245.11 as granting an ILEC, subject to price cap regulation, the right to annually increase its rate for a non-basic service by up to eight percent from the previous year's rate. In other words, under the Court's interpretation of § 392.245.11, the Commission upholds its duty of ensuring that the rates, charges, tolls and rentals charged by telecommunications companies are just, reasonable and lawful, by ensuring that the rates, charges, tolls and rentals charged by telecommunications companies do not exceed the statutory maximum allowable price. Inasmuch as the Supreme Court's interpretation of § 392.245.11 is controlling, under Article V, Section 2 of the Missouri Constitution, SBC is correct that the Commission, in denying its proposed tariff revisions, unlawfully disregarded the requirements of § 392.245.11. Consequently, the Commission's order denying SBC's proposed tariff revisions is unlawful, requiring us to reverse.[2]

---

**2.** The SBC's remaining claim of error is rendered moot. *See Mo. Consol. Health Care Plan v. Cmty. Health Plan,* 81 S.W.3d 34, 50 (Mo.App.2002) (a point is moot where resolution of the issue it presents would have no practical effect upon the ultimate outcome of the appeal). We are not required to address points that are moot. *Id.*

## Conclusion

The Commission's order denying the appellant's proposed tariff revisions is reversed, and the cause is remanded to the Commission with directions to approve SBC's proposed tariff revisions, the Commission having already determined that they are in compliance with § 392.245.11.

HOWARD and HOLLIGER, JJ., concur.