STATE ex rel. FEE FEE TRUNK SEWER, INC., a corporation, Relator-Respondent,

v.

PUBLIC SERVICE COMMISSION OF MISSOURI, Respondent-Appellant.

STATE ex rel. ST. LOUIS COUNTY, Missouri, and the Home Builders Association of Greater St. Louis, Relators-Respondents,

v.

PUBLIC SERVICE COMMISSION OF MISSOURI, Respondent-Appellant.

No. KCD 26857.

Missouri Court of Appeals, Kansas City District.

March 31, 1975.

Harry Wiggins, Gen. Counsel, David L. Smith, Asst. Gen. Counsel, Paul W. Phillips, Asst. Gen. Counsel, Jefferson City, for respondent-appellant.

Russell A. Grantham, Bridgeton, Herman W. Huber, Jefferson City, for Fee Fee Trunk Sewer, Inc., relator-respondent.

George F. Gunn, Jr., St. Louis County Counselor, Clayton, for relator St. Louis County.

Arthur R. Tucker, Lewis, Rice, Tucker, Allen & Chubb, St. Louis, for Home Builders Association of Greater St. Louis, relator-respondent.

Before SWOFFORD, P. J., and WELBORN and HIGGINS, Special Judges.

ANDREW JACKSON HIGGINS, Special Judge.

Appeal by Public Service Commission of Missouri from judgment upon review which remanded this cause "for further proceedings" with respect to rates to be charged by Fee Fee Trunk Sewer, Inc.

A chronicle of the proceedings below will demonstrate that a detailed statement from the nearly 2,000 pages of testimony and numerous exhibits in evidence before the Commission is not necessary to the determination of this appeal.

On February 16, 1971, Fee Fee Trunk Sewer, Inc., filed with the Public Service Commission a schedule of proposed rates for sewer service effective March 8, 1971, which, if approved, would raise such charges to residential customers from $28.-50 to $60.00 annually.

On March 11, 1971, the Commission, pursuant to Section 393.150(1), RSMo 1969, V.A.M.S., suspended the proposed rates to July 16, 1971, and ordered Fee Fee to present its evidence in support of the proposed rates at a hearing to commence May 3, 1971. St. Louis County and Home Builders Association of Greater St. Louis intervened and participated throughout this proceeding.

On May 3, 1971, Fee Fee submitted its prepared testimony and petitioned for "interim rate relief" pending final determination of the proposed rate increase. The hearing was continued to a date to be fixed.

On May 12, 1971, the Commission denied the petition for interim relief, ordered the Commission staff to file its prepared testimony by September 15, 1971, and set the matter for further hearing on September 27, 1971.

On July 2, 1971, the Commission, pursuant to Section 393.150(2), RSMo 1969, V.A.M.S., further suspended the proposed rates to January 16, 1972.

On September 13, 1971, the Commission ordered a prehearing conference for September 20, 1971, for purposes of formulating and simplifying the issues. At the conference the Commission staff proposed certain adjustments to Fee Fee's financial statements as a result of the staff's audit and investigation of Fee Fee's records through December 31, 1970. All adjustments were stipulated except two which pertained to Fee Fee's balance sheet and two which pertained to its income state-

ment for twelve months adjusted to the December 31, 1970, "operating level."

On September 27 and 28, 1971, the hearing resumed, Fee Fee's witnesses were cross-examined by the Commission staff and the intervenors, and the hearing was continued to October 12, 1971.

On October 12, 13 and 14, the hearing was again resumed and continued to October 26, 1971, at which time testimony of public witnesses was taken in Clayton, Missouri.

On January 14, 1972, Fee Fee filed written consent to extension of the second suspension period under Section 393.150(2), supra, from January 16, 1972, "to allow the Commission time to complete its report and order * * * and allow approximately ten days from date of issue to the effective date * * * with the understanding said decision and report and order will be issued on or about January 19, 1972, with an effective date of February 1, 1972."

On January 20, 1972, a majority of the Commission, with one commissioner not participating and one commissioner dissenting, issued its Report and Order, effective January 31, 1972, by which Fee Fee's proposed commercial rates were approved, its proposed and suspended tariffs for residential customers were determined to be unreasonable and canceled, and Fee Fee was ordered to file new tariffs for residential customers of $3.50 monthly, $21.00 semiannually.

On January 28, 1972, Fee Fee, Home Builders Association, and County filed Motions for Rehearing.

On February 1, 1972, the Commission granted a rehearing as requested by Fee Fee, Home Builders Association, and County; and approved increased tariffs filed by Fee Fee pursuant to the Report and Order of January 20, 1972, effective February 1, 1972.

On February 1, 1972, Fee Fee petitioned for Writ of Review which was issued

March 1, 1972, and quashed March 22, 1973, "for the reason that it was prematurely issued."

On February 3, 1972, the Commission ordered a prehearing conference for February 9, 1972, at which the rehearing was set for February 18, 1972.

On February 18, 1972, the rehearing was commenced, and it was concluded May 1, 1972. The record of the prior hearings was incorporated and additional evidence was adduced through cross-examination of some of Fee Fee's witnesses and from Commission staff witnesses.

On May 25, 1972, a majority of the Commission, with one commissioner not participating and one commissioner concurring in part and dissenting in part, issued its Interim Report and Order, effective June 1, 1972, by which Fee Fee's proposed commercial rates were again approved, its proposed and suspended tariffs for residential customers were again canceled, its rates for residential customers filed January 27, 1972, and approved by the Commission February 1, 1972, were canceled, and Fee Fee was ordered to file new tariffs for residential customers of $3.00 monthly to commence with billings commencing July 1, 1972, all "with the proviso that a final Report and Order will fix a proper return and rates upon traditional rate-making concepts when the Staff has completed its original cost study, as such then seems advisable. Suffice it to be said that at this time, the rate of return on the value of the property used in the public service is certainly to be considered in setting just and reasonable rates, and we desire to do so when the original cost study is completed."

On May 30 and 31, 1972, Fee Fee, Home Builders Association, and County filed Motions for Rehearing.

On June 6, 1972, the Motions for Rehearing were denied.

On June 9, 1972, Fee Fee filed its Second Petition for Writ of Review under Section 386.510, RSMo 1969, V.A.M.S., to

be directed to the Public Service Commission "to certify * * * the entire record * * * for the purpose of having the reasonableness and lawfulness of its Interim Report and Order dated May 25, 1972 * * * and its original report and order dated January 20, 1972 * * * inquired into and determined, and * * * that if * * * said orders and decisions * * * be unlawful or unreasonable, enter * * * judgment reversing and setting aside said orders and decisions and find that the rates originally filed February 16, 1971, became effective by operation of law in accordance with Sec. 393.150 * * *."

On June 14, 1972, Home Builders Association and County jointly filed a similar petition for writ of review.

On June 9, 1972, the circuit court issued its Writ of Review ordering the Commission to certify its entire record in this proceeding "to the end that this Court may adjudge upon the regularity of said proceedings and determine the reasonableness and lawfulness of said reports and orders and to the further end that this Court will make such further and other orders herein as right and justice may require."

On June 27, 1972, on motion of Fee Fee under Section 386.520, RSMo 1969, V.A. M.S., the court granted Fee Fee "20 days from the date * * * to file * * * a suspending bond * * * in the sum of Eighty-Four Thousand Dollars ($84,000.-00) and an additional bond of Eighty-four Thousand Dollars ($84,000.00), or the equivalent of subsequent billings to residential customers in excess of the rate ordered by the Interim Report and Order of Respondent, dated May 25, 1972, prior to the next billing period or periods, during the pendency of this appeal, conditioned according to law, and with the General Insurance Company of America, a Washington Corporation, as surety thereon. * * * that upon the filing and approval of the aforesaid suspending bond within the time stated and certification by a duly authorized officer of Relator that the terms of this order will be complied with, the IN-TERIM REPORT AND ORDER of the Public Service Commission dated May 25, 1972 is stayed and suspended, pending final disposition of this case by such further orders of this court as may be appropriate under the circumstances and law. * * * that all monies collected from Relator's residential customers, in excess of the Three Dollar ($3.00) per month rate ordered by the INTERIM REPORT AND ORDER, dated May 25, 1972, on all billing periods commencing on and after July 1, 1972, during the pendency of this appeal, shall be deposited in a separate interest bearing account * * *; said funds are not to be commingled with other funds of Relator and shall not be withdrawn from said fund or account except on order of this Court. * * * that Relator shall file with this Court a verified list of all residential customers of Relator, showing * * * the amounts billed in excess of the charge ordered by the INTERIM REPORT AND ORDER of Respondent, dated May 25, 1972, covering each billing period for sewer service due on and after July 1, 1972, and Relator shall make verified monthly reports to this Court, on or before August 10, 1972, and the 10th day of each succeeding month thereafter, during the pendency of this appeal, of the amounts collected in excess of the amount which Relator might have been authorized to charge and collect if said INTERIM REPORT AND ORDER had not been stayed and suspended, together with the amounts deposited to the above-described account."

On June 29, 1972, Fee Fee filed the required Suspending Bond and list of residential customers, and commenced and still is making monthly payments into the interest-bearing account.

On July 10 and July 20, 1972, the Commission filed its returns to the Writs of Review issued by the circuit court.

On July 19, 1972, the Commission moved for consolidation of the two reviews. On July 28 and July 31, 1972, Home Builders and County filed similar motions to consolidate.

On November 17, 1972, the parties argued the cause.

On June 15, 1973, the court ruled the consolidated cause as follows:

"A review of the files in the above cases forces this Court to the conclusions that the decisions of the Public Service Commission in these cases are not subject to final review under the statutes relating to review and appeal of the orders of the Public Service Commission.

"The Public Service Commission made several Orders, or attempted Orders, and its final action dated May 25, 1972, is designated as 'Interim Report and Order.' By that Order the Commission cancelled rate tariffs previously approved by it on February 1, 1972, and ordered the applicant to file new tariffs in the amount of the rates therein specified. The authority of the Commission to take this action is seriously questioned. In order that this court shall not create more confusion than already exists, we decline to rule on that part of the Interim Order.

"The Commission has heard the testimony of the applicant pertaining to its application for an increased rate. It had the authority to present and consider the testimony of its staff or the original cost study and other matters which make up a rate base. This was not done. The Commission ordered that its staff make a cost study of the applicant's plant and services, and to report same to the Commission for its final approval.

"On June 27, 1972, this Court entered an Order that all that part of the applicant's rate that was decreased by the Public Service Commission's 'Interim Report and Order' should be placed in escrow and there held until the final determination of this litigation and the further Order of the Court. This Order has been and is now being complied with by the applicant.

"The present causes must be remanded to the Public Service Commission so that they can make a final report and order. This final report and order can be based upon the testimony already heard or such additional testimony as the Commission, the applicant or intervenors may care to present. It is only in this way, upon a complete record, that the parties' rights can be determined and reviewed by this Court. * * *

"IT IS, THEREFORE ORDERED AND DECREED THAT this cause be remanded to the Public Service Commission for further proceedings as above set out.

"IT IS FURTHER ORDERED that this Court's order of June 27, 1972 shall remain in full force and effect, pending further Order of this Court."

Appellant Public Service Commission contends the court erred in its order of remand on the ground that the court possessed the jurisdictional power to review this controversy on its merits, and ignored its statutory mandate to accord review on the merits and determine the reasonableness or lawfulness of the Commission's Interim Report and Order. Appellant Commission concludes that the cause should be reversed and remanded to the circuit court for a review on the merits.

Respondent Fee Fee Trunk Sewer, Inc., asserts (I) that the court's order of remand was within its power; and by Points II, III, IV, V, and VI, would have this court determine the reasonableness or lawfulness of the orders in question asserting variously that they are arbitrary, unreasonable, unjust, contrary to evidence, unlawful, confiscatory, unconstitutional, contrary to rules and regulations of the Commission, contrary to its established policy, and contrary to law.

The circuit court possessed the necessary jurisdiction to review these proceedings of the Public Service Commission. Section 386.510, provides: "Within thirty days after the application for a rehearing is denied, * * * the applicant may apply to the circuit court * * * for a writ of certiorari or review * * * for the purpose of having the reasonableness or lawfulness of the original order or decision or

the order or decision on rehearing inquired into or determined."

Fee Fee's petition for writ of review was timely filed, the court timely issued its writ of review for the purpose provided in the statute, and the Commission timely filed its return. In the interim between Fee Fee's petition and the Commissioner's return, the court exercised its jurisdiction under Section 386.520, RSMo 1969, V.A. M.S, to stay the Interim Report and Order and to cause the difference in residential sewer rates ordered January 20, 1972, and those ordered May 25, 1972, to be deposited in a special account. The court subsequently heard arguments, took the cause under advisement, and entered findings and judgment by which it purported to dispose of the case.

Quite properly, respondent concedes both the statutory jurisdiction of the court and its exercise by the court.

The difference between the parties, and the question is, whether the court erred in the exercise of its jurisdiction by entry of its judgment of remand.

Section 386.270, RSMo 1969, V.A.M.S, provides: "All rates, tolls, charges, schedules and joint rates fixed by the commission shall be in force and shall be prima facie lawful * * * until found otherwise in a suit brought for that purpose * * *."

Section 386.510, supra, in addition to those matters previously noted provides that after the writ of review is returned, "No new or additional evidence may be introduced * * * but the cause shall be heard by the court * * * on the evidence and exhibits introduced before the commission * * *. Upon such hearing the circuit court shall enter judgment either affirming or setting aside the order of the commission under review. In case the order is reversed by reason of the commission failing to review testimony properly proffered, the court shall remand the cause to the commission, with instructions to receive the testimony so proffered and re-

jected, and enter a new order based upon the evidence theretofore taken, and such as it is directed to receive. The court may, in its discretion, remand any cause which is reversed by it to the commission for further action * * *."

Section 386.510, supra, has been construed to mean that " * * * all orders of the commission are subject to judicial review, and * * * after the chancellor has made his own finding of the facts, the only application he can make of them is to determine from them whether the order under review is reasonable and lawful. If he finds it both reasonable and lawful it is his duty to affirm it; if he finds it either unreasonable or unlawful, he must set it aside. * * * When an order is set aside, the court may remand the cause to the commission for such further action *as it may desire to take*; the court oversteps the boundaries of its jurisdiction when it attempts to tell the commission what the action should be. There seems to be one exception to this: When the commission has excluded evidence it should have received, the cause may be remanded with directions that it hear such evidence and then make a new order." State ex rel. Detroit-Chicago Motor Bus Co., Inc. v. Public Service Commission, 324 Mo. 270, 23 S.W.2d 115, 117[1, 2] (1929).

▪ Accordingly, the circuit court was obliged to review all orders of the Commission brought before the court by its writs of review; and upon its review the court was limited to a determination whether such orders were reasonable and lawful. If they were determined to be both reasonable and lawful, the court was obliged to affirm them. If they were determined to be either unreasonable or unlawful, the court was obliged to set them aside. If an order was set aside, the court could then remand the cause for such further action as the Commission might desire to take. If the court had determined that the Commission excluded or rejected proffered evidence, the court could have remanded the cause with directions that such

evidence be heard by the Commission and then to make a new order. State ex rel. Detroit-Chicago Bus Co., Inc. v. Public Service Commission, supra. See also State ex rel. Case v. Seehorn, 283 Mo. 508, 223 S.W. 664 (banc 1920).

■ The court in this case thus erred through its failure to comply with the statute governing review of this matter. The decree and order purports to remand the cause to the Commission "for further proceedings"; however, there was no review on the merits resulting in any order being set aside upon which to premise a remand. The court concluded that the decisions of the Commission were not subject to final review under the statute; however, the statute provides and it has been construed to mean that all orders of the Commission are subject to review. The court questioned the authority of the Commission to make the Interim Report and Order by which it canceled tariffs previously approved, but did not decide the case on any such ground. The court found that the cause must be remanded to the Commission for a final report and order before the record is complete for determination and review. This, too, is in conflict with both the statute and case law that all orders of the Commission are subject to review.

■ Respondent questions whether "interim" orders are subject to review at all. Suffice to say that the statute provides for all orders of the Commission to be subject to review; and the test of "interim" orders by review partakes of the nature of test orders which traditionally have been subject to review. See, e. g., State ex rel. Watts Engineering Co. v. Public Service Commission, 269 Mo. 525, 191 S.W. 412 (banc 1916); State ex rel. Washington University v. Public Service Commission, 308 Mo. 328, 272 S.W. 971 (banc 1925); State ex rel. City of St. Louis v. Public Service Commission, 317 Mo. 815, 296 S.W. 790 (banc 1927); State ex rel. Pitcairn v. Public Service Commission, 232 Mo.App. 535, 111 S.W.2d 222 (1937).

■ Respondent argues that a literal interpretaion of Section 386.510, supra, utilizing and emphasizing the term "remand," authorizes the remand attempted by the court. As noted in State ex rel. Detroit-Chicago Motor Bus Co., Inc. v. Public Service Commission, supra, the authority to remand is limited to cases where an order of the Commission has been set aside on the ground it was either unreasonable or unlawful and where the Commission has excluded or rejected proffered evidence. A party may not fragment a statute for purposes of construction so as to isolate for consideration language favorable to a certain construction, while at the same time excluding language which compels a different construction when the statute is construed in its full context. State ex rel. Valley Sewage Co. v. Public Service Commission, 515 S.W.2d 845 (Mo.App.1974).

It already has been demonstrated that the court accorded no review on the merits by which to have set aside any order of the Commission; there was no determination that any order was unlawful, and nothing in the court's findings, conclusions, and judgment purports to deal with proffered and rejected evidence.

Respondent argues also that the court's attempted remand was proper under Iron County v. State Tax Commission, 480 S. W.2d 65 (Mo.1972). That case is not in point because it was a dismissal of an appeal in a tax case "solely on the holding that there are no findings of fact appearing in the Commission's 'Findings of Fact, Conclusions of Law and Decision' from which a Circuit Court could know the basis upon which the Commission [acted] * * *." 480 S.W.2d 1. c. 70–71.

Respondent also cites State ex rel. Centropolis Tr. Co. v. Public Service Commission, 472 S.W.2d 24 (Mo.App.1971), in support of the court's attempted remand. That case is distinguishable because the report there sought to be reviewed was unlawful on its face in that it did not represent action by a majority of the commis-

74

sioners since only two commissioners concurred in the order and remand on the ground that the order was unlawful was proper. See also State ex rel. St. Louis County v. Public Service Commission, 360 Mo. 270, 228 S.W.2d 1 (1950), where the remand properly was ordered because of a similarly unlawful order.

█ Respondent's Points II–VI are not responsive to appellant's brief. They are directed at the Commission's orders rather than the decision appealed from the circuit court; they were not presented to the circuit court, and are not properly before this court. For this court to consider them on their merits would be to perform the statutory function of the circuit court under Section 386.510, supra.

Respondent also moved to dismiss this appeal. The motion was taken with the case and is now denied by this decision on the merits of the appeal.

For the indicated error, the judgment is reversed and the cause is remanded for further proceedings not inconsistent with this decision.

All concur.