STATE ex rel. BRINK'S INCORPORATED, a corporation, Appellant,

v.

PUBLIC SERVICE COMMISSION of the State of Missouri, Respondent,

Wells Fargo Armored Service Corporation, Intervenor-Respondent.

Nos. KCD 27753, KCD 27754.

Missouri Court of Appeals, Kansas City District.

March 29, 1976.

Herman W. Huber, Thomas J. Downey, Jefferson City, for appellant.

Dale E. Sporleder, Spencer, Fane, Britt & Browne, Jefferson City, Melvin E. Bailet, Atlanta, Ga., for respondent.

Before TURNAGE, P. J., and WELBORN and HIGGINS, Special Judges.

TURNAGE, Presiding Judge.

This case presents the question of whether the Public Service Commission properly allowed a contract carrier to intervene in an application filed for common carrier authority. The circuit court held such intervention to be improper. This court holds the intervention was properly allowed and reverses.

Wells Fargo filed an application for common carrier authority to transport valuables, including money, currency, checks and securities, between the Springfield, Missouri commercial zone and the Kansas City, Missouri commercial zone. Brink's was allowed to intervene and to become a party upon its application and showing that it held contract carrier authority between the same two zones.

In the second proceeding, Wells Fargo filed an application for common carrier authority to transport valuables between all

points and places in forty-three western Missouri counties. Brink's sought and was given leave to intervene on the basis that it held authority for contract carrier service within the same area.

After hearing, the Commission granted the common carrier authority sought by Wells Fargo to transport valuables between the Springfield and Kansas City areas and to provide service between all points and places within twenty-two counties of the forty-three named in the application. Brink's filed an appeal to the circuit court of Cole County after its motion for rehearing before the Commission was overruled. Wells Fargo filed a motion to dismiss Brink's appeal in the circuit court on the basis that Brink's had been improperly allowed to intervene by the Commission and had no standing to appeal. The court sustained Wells Fargo's motion to dismiss in both cases and Brink's has appealed to this court.

Intervention before the Commission is provided by Section 386.420, RSMo 1969. This Section provides that "such corporations and persons as the commission may allow to intervene, shall be entitled to be heard and to introduce evidence." While this Section applies to the Commission generally, the application by Wells Fargo for common carrier authority was heard by the Commission under the provisions of Chapter 390, RSMo 1969 relating to Motor Carriers, Contract Haulers and Express Companies. By Section 390.146 the provisions of Chapter 386, including 386.420, are made applicable to proceedings involving motor carriers.

In contending that Brink's should not have been allowed to intervene, Wells Fargo urges the difference in the authority and obligation of a carrier holding common carrier permits and that of a carrier holding a contract carrier permit. It also argues that certain amendments to some of the motor carrier Sections reveal an intent to exclude contract carriers from participating in hearings involving common carrier authority.

■ There is no doubt there is a difference between the authority and the obligations imposed and assumed under these two categories of motor carrier permits. The common carrier, of course, assumes the obligation, and has the authority to serve any entity, while the contract carrier is limited to serving those parties with whom it has a contract. However, the fact that such difference does exist does not reach the question of the propriety of allowing the holder of a contract carrier permit to intervene in an application seeking common carrier authority. Rather, the question of intervention is much broader than the difference which may exist between the types of service these two carriers offer.

■ The statutes above referred to make provision for the Commission to grant parties the right to intervene in proceedings pending before the Commission. The grant made by the Legislature to the Commission is broad with no qualifications other than the fact the Commission must make an order allowing intervention. In short, the Legislature has granted a broad unqualified power to the Commission to grant intervention.

■ This power was considered in *State ex rel. Consumers Public Service Co. v. Public Service Commission*, 352 Mo. 905, 180 S.W.2d 40 (Mo. banc 1944). The court there stated at 180 S.W.2d 46[6–8] that "intervenors are not required to have a pecuniary interest, or property or other rights, which will be directly or immediately affected by the order sought or even its enforcement."

■ The liberal construction given in the *Consumers Public Service* case was cited by this court in *State ex rel. Crown Coach Company v. Public Service Commission*, 239 Mo.App. 198, 185 S.W.2d 347 (1944) in which intervention was held proper by a motor carrier of passengers in an application by another carrier for a different type of service. Thus, this court has held it is not necessary for the service proposed by the applicant to be the same as that being rendered by the intervenor before intervention is held to be proper.

Under Section 390.051, RSMo 1969, the Commission is authorized to give notice of a

hearing to be held on a common carrier application to any "person or persons who might in the opinion of the commission be properly interested in or affected by the issuance of said certificate."

 This Section does not affect the right of the Commission to grant intervention. Both the *Consumers Public Service* case and the *Crown Coach* case hold that the word "interested" does not require any pecuniary or property interest in the application in order to be granted the right to intervene.

Although such pecuniary or property right is not necessary, it is apparent that Brink's would have an interest in the application of Wells Fargo since obviously any permit granted to Wells Fargo would at least have a possibility of affecting the rights of Brink's in serving customers in the same territory. This is borne out by the fact Southwestern Bell was using both Brink's and Wells Fargo to transport valuables between Springfield and Kansas City.

Wells Fargo urges amendments made in 1951 to certain Sections in Chapter 390 show an intent on the part of the Legislature to exclude contract carriers from common carrier application hearings. However, such amendments did not change any of the statutes referred to herein allowing the Commission to permit intervention. Neither do such amendments reflect any intent on the part of the Legislature to exclude contract carriers from common carrier hearings.

Under the holdings in *Consumers Public Service* and *Crown Coach*, and under the broad authority granted by the Legislature to the Commission to allow intervention, the Commission properly allowed Brink's to intervene in the Wells Fargo application.

If the order of the Commission is found to be reasonable and lawful, the court is obligated to affirm such order. *State ex rel. Fee Fee Trunk Sewer Inc. v. Public Service Commission of Missouri*, 522 S.W.2d 67 (Mo.App.1975). Here the order allowing Brink's to intervene was lawful and reasonable.

The order dismissing the appeal of Brink's is reversed and these causes are remanded to the circuit court for it to perform the review on the merits of the authority granted Wells Fargo provided in Section 386.510, RSMo 1969.

All concur.