STATE ex rel. FEE FEE TRUNK
SEWER, INC., a corporation,
Relator-Respondent,

v.

PUBLIC SERVICE COMMISSION OF
MISSOURI, Respondent-Appellant.

STATE ex rel. ST. LOUIS COUNTY, Missouri and the Home Builders Association of Greater St. Louis, Relators-Respondents,

v.

PUBLIC SERVICE COMMISSION OF
MISSOURI, Respondent-Appellant.

No. 28732.

Missouri Court of Appeals,
Kansas City District.

May 2, 1977.

Leland B. Curtis, Thomas A. Hughes, Byron E. Francis, Public Serv. Comm., Jefferson City, for respondent-appellant.

Russell A. Grantham, Bridgeton, for Fee Fee.

Herman W. Huber, Jefferson City, for St. Louis County.

George F. Gunn, Jr., County Counselor, Clayton, for relator-respondent.

Before SHANGLER, P. J., and WELBORN and HIGGINS, Special Judges.

HIGGINS, Special Judge.

Appeal by Public Service Commission from judgment which reversed an Interim Report and Order which purported to set rates to be charged by Fee Fee Trunk Sewer, Inc., for its services. Affirmed.

On February 16, 1971, Fee Fee Trunk Sewer, Inc., filed with the Public Service Commission a schedule of rates for sewer service which, if approved, would increase charges to all customers and would raise charges to residential customers from $28.80 to $60.00 annually. On March 11, 1971, the Commission suspended the pro-

posed rates to July 16, 1971, and ordered Fee Fee to present its evidence in support of its proposed rates at a hearing May 3, 1971. Fee Fee presented its evidence and petitioned for interim rate relief pending final determination of its proposed rate increase. The hearing was continued. On May 12, 1971, the Commission denied the petition for interim relief and ordered its staff to file its prepared testimony by September 15, 1971, and set further hearing for September 27, 1971. In the interim, the Commission further suspended the proposed rates to January 16, 1972.

On September 27 and 28, and on October 26, 1971, the hearing was resumed, and the evidence was completed. On January 14, 1972, Fee Fee's proposed rates were further suspended pending issuance of a report and order to be effective February 1, 1972.

On January 20, 1972, the Commission issued a Report and Order effective January 31, 1972, by which Fee Fee's proposed rates for commercial customers were approved; its suspended proposed rates for residential customers were set at $3.50 monthly, $21.00 semiannually. On February 1, 1972, the Commission granted a rehearing upon motion of Fee Fee, among others, and, by separate order, approved the rates set‘ by the Report and Order of January 20 in order to have rates on file pending rehearing and final report and order.

On May 25, 1972, the Commission issued subject Interim Report and Order, effective June 1, 1972, by which Fee Fee's proposed rates for commercial customers were again approved; its suspended proposed rates for residential customers were again canceled; its rates for residential customers approved by the Commission February 1, 1972, were canceled; and rates for residential customers were set at $3.00 monthly effective July 1, 1972.

Fee Fee petitioned for review under Section 386.510, RSMo 1969, and on June 15, 1973, the court remanded the cause "for further proceedings." (Additional evidence.) Upon appeal by the Commission, the cause was remanded to the circuit court

for review of the Interim Report and Order on its merits. *State ex rel. Fee Fee T. Sew. Inc. v. Public Serv. Com'n*, 522 S.W.2d 67 (Mo.App.1975).

On October 20, 1975, the Interim Report and Order of May 25, 1972, was again submitted to the circuit court for review.

On March 3, 1976, the court determined that the Interim Report and Order which fixed Fee Fee's rates was not based on competent and substantial evidence upon the whole record, and reversed the order.

Appellant Public Service Commission contends the court erred in reversing the Interim Report and Order of May 25, 1972, "because said report and order was based upon competent and substantial evidence upon the whole record."

 Upon review of a decision of the Public Service Commission, the inquiry of the circuit court goes to the reasonableness or lawfulness of the order, and reversal of the order is warranted if it appears that the action of the Commission was arbitrary, capricious, and without reasonable basis. Section 386.510, supra; *State ex rel. Anderson Motor Serv. Co. v. Public Service Commission*, 234 Mo.App. 470, 134 S.W.2d 1069, 1076[8] (1939); *State ex rel. Anderson Motor Serv. Co. v. Public Service Commission*, 348 Mo. 613, 154 S.W.2d 777 (1941). The judicial function neither requires nor justifies disregard of the findings of the Commission. They are "prima facie correct" and are reasonable or lawful if "supported by competent and substantial evidence upon the whole record" or are not "against the overwhelming weight of the evidence." *State ex rel. Chicago, R. I. & P. Railroad Co. v. Public Service Commission*, 312 S.W.2d 791, 796 (Mo. banc 1958).

 Appellant would support its contention with a brief and argument limited to an attempt to discredit Fee Fee's officers-witnesses and its engineering study in support of its proposed increased rates. Nowhere does the Commission demonstrate any evidence to support its own residential rate determination ordered in the Interim

Report and Order of May 25, 1972. This absence is demonstrated in the Commission's findings and conclusions, e. g., "It is not possible for the Commission to make a determination of the value of the property of the Applicant used and useful in public service at this time. * * * In order for the Commission to make a meaningful determination of rate base, it is necessary that an original cost study be completed by the Staff, to include all of Applicant's property devoted to public use. It also is not possible to make a determination of the fair value of the Applicant's property until a complete original cost study has been made by the Staff. * * * As has been stated above in the Findings of Fact, it is not possible at this time to determine a rate base for the Applicant. * * * It is the opinion of this Commission that an original cost study should be completed by the Staff of this Commission as soon as possible in order to determine the original cost of plant in service and also to determine what portion of that plant in service has been built with contributions in aid of construction."

The Commission's action is arbitrary and capricious also in that its Interim Report and Order purported to approve rates for commercial customers and cancel proposed residential rates and, at the same time, recited an insufficiency of evidence upon which to determine rates for residential customers and yet purported to set such rates at $3.00 per month. Such inconsistency is destructive of any credibility of the Report and Order in question.

Accordingly, the judgment reversing the Interim Report and Order of the Public Service Commission of May 25, 1972, is affirmed and the cause is remanded.[1]

All concur.

---

1. Remand is in order at least to the extent necessary for consideration of disposition of the escrow account described in the transcript, briefs, and in *State ex rel. Fee Fee T. Sew. Inc. v. Public Serv. Com'n*, supra, 522 S.W.2d 70, 71.