**STATE of Missouri ex rel. RIVERSIDE PIPELINE COMPANY, L.P. and Mid–Kansas Partnership, Appellants,**

v.

**PUBLIC SERVICE COMMISSION OF the STATE of Missouri, and Midwest Gas Users Association, Respondents.**

**No. WD 57560.**

Missouri Court of Appeals, Western District.

July 25, 2000.

Motion for Rehearing and/or Transfer to Supreme Court Denied Aug. 29, 2000.

Application for Transfer Denied Oct. 3, 2000.

Gregory Lynn Musil, Overland Park, KS, for appellants.

Thomas Schwarz, Jr., Jefferson City, Stuart Conrad, Kansas City, for respondent.

Before: LOWENSTEIN, P.J.,
ULRICH and HOLLIGER, JJ.

RONALD R. HOLLIGER, Judge.

Riverside Pipeline Company, L.P. and Mid–Kansas Partnership appeal from an order by the Cole County Circuit Court (1) reversing the Public Service Commission's denial of their first motion to dismiss or limit and remanding the cause to the Commission to receive and evaluate evidence, and (2) affirming the Public Service Commission's denial of their second motion to dismiss. We reverse because the PSC's denials of the motions to dismiss are not final and appealable orders.

## FACTS

Appellants Riverside Pipeline Company, L.P. (Riverside) and Mid–Kansas Partnership (Mid–Kansas) contract with Missouri Gas Energy (MGE) to supply and transport natural gas to MGE's distribution system. MGE distributes natural gas in the Kansas City, Missouri metropolitan area and is a utility subject to the jurisdiction of the Public Service Commission (Commission). MGE executed new contracts with Riverside and Mid–Kansas in February of 1995. In May of 1996, MGE, Riverside, Mid–Kansas, the Office of Public Counsel, and the Staff of the Commission signed a Stipulation and Agreement (the Stipulation). The Stipulation settled pending administrative and judicial proceedings and contained provisions addressing future prudence reviews of the contracts between the parties. On June 11, 1996, the Commission issued an order adopting and ratifying the Stipulation.

On June 25, 1996, a Commission order established Case No. GR–96–450 to follow the overrecovery or underrecovery of MGE's gas costs for the Annual Reconciliation Adjustment Account period from July 1, 1996 through June 30, 1997. Riverside and Mid–Kansas intervened in the case before the Commission as suppliers of natural gas transportation and natural gas to MGE. The Commission Staff challenged the prudence of the contract between MGE and the appellants on June 1, 1998. The Staff determined the contract between MGE and the appellants was not prudent and recommended a $4,532,449.60 reduction in MGE's gas costs incurred under the contracts with the appellants.

On July 31, 1998, appellants filed a Motion to Dismiss or Limit the proceedings in Case No. GR–96–450, asserting the Commission lacked jurisdiction to relitigate the terms of the Stipulation. Appellants sought to prevent the Commission from reconsidering the prudence issue. Appellants filed a second Motion to Dismiss based on insufficiency of the Staff's direct testimony on August 27, 1998. The appellants contended the Commission Staff failed to follow their own regulations, which required the Staff to provide direct testimony sufficient to indicate the legal theory on which it relies and to show that it has an adequate evidentiary basis for its claim. The Commission denied both motions to dismiss on September 29, 1998. In response to the Commission's denials, appellants filed an Application for Rehearing on each motion to dismiss on October 8, 1998. The Commission issued an order denying both of these applications on December 22, 1998.

On November 9, 1998, appellants filed a Petition for Writ of Prohibition with the Circuit Court in an effort to prevent the Commission hearing to examine the prudence of the contracts between appellants and MGE. The court granted a preliminary order of prohibition, and the Commission thereafter moved to quash the writ. The Circuit Court granted the Commission's Motion to Quash on December 2, 1998. The court found that a portion of the Stipulation was ambiguous and stated that the Commission "should, in the first instance, determine if it has jurisdiction of the cause after hearing evidence and argument of the parties before it."

Appellants filed a Petition for Writ of

Review pursuant to § 386.510[1] with the circuit court on January 15, 1999. On July 26, 1999, the Circuit Court issued its order, which is the subject of this appeal. The court reversed the Commission's order and decision of September 29, 1998, denying Riverside and Mid–Kansas' motion to dismiss or limit based on a lack of jurisdiction. The court found the Commission's order was "unlawful, unreasonable, arbitrary, capricious and not based on substantial and competent evidence on the whole record." The court found, based on the record, that "the Commission acted unlawfully and/or unreasonably when it failed to make any finding that the 1996 Stipulation and Agreement was ambiguous, yet interpreted the Stipulation and Agreement without hearing any testimony or otherwise receiving any evidence to determine the intent of the parties to the Stipulation and Agreement." In addition, the court found the Commission:

> failed to make legally sufficient findings of fact or conclusions of law to permit a reviewing court to determine the specific findings made by the Commission and the basis on which those findings were purportedly made;
>
> failed and refused to receive or consider any evidence interpreting the Stipulation and Agreement;
>
> made a specific finding with no legally sufficient evidence on which to base that decision; and,
>
> denied rehearing despite all reasons set forth above, and despite this Court's December 2, 1998 Order finding the Stipulation and Agreement to be ambiguous.

The court remanded the cause to the Commission for further action consistent with its order, "including the interpretation of the 1996 Stipulation and Agreement in accordance with the rules of construction and the need for a sufficient and appropriate evidentiary basis for resolu-

tion of any language found to be ambiguous." The trial court affirmed the Commission's order, denying appellant's second motion to dismiss based on insufficiency of the Staff's direct testimony. Appellants timely appealed.

The PSC filed a motion to dismiss the appeal on two grounds: (1) that the unappealed denial of the writ of prohibition was the law of the case and (2) that the Commission's rulings on the motions to dismiss were "interlocutory" and thus not subject to review under § 386.510. After oral argument on the merits we ordered additional briefing by the parties.

Chapter 386 details the procedural guidelines associated with the Public Service Commission; § 386.510 addresses appeals to the circuit court stemming from Commission decisions in relevant part:

> Within thirty days after the application for a rehearing is denied, or, if the application is granted, then within thirty days after the rendition of the decision on rehearing, the applicant may apply to the circuit court of the county where the hearing was held or in which the commission has its principal office for a writ of certiorari or review (herein referred to as a writ of review) for the purpose of having the reasonableness or lawfulness of the original order or decision or the order or decision on rehearing inquired into or determined receive. ...No court in this state, except the circuit courts to the extent herein specified and the supreme court or the court of appeals on appeal, shall have jurisdiction to review, reverse, correct or annul any order or decision of the commission or to suspend or delay the executing or operation thereof, or to enjoin, restrain or interfere with the commission in the performance of its official duties. The circuit courts of this state shall always be deemed open for the trial of suits

---

1. All statutory references are to the Revised Statutes of Missouri, 1994, unless otherwise noted.

brought to review the orders and decisions of the commission as provided in the public service commission law and the same shall be tried and determined as suits in equity.

We first consider whether the circuit court had jurisdiction under this section to review the Commission's denial of appellant's motions to dismiss.

■ The Public Service Commission Act provides its own code for judicial review of Commission orders. *State of Mo. ex rel. Consumers Public Serv. Co. v. Public Serv. Comm'n*, 352 Mo. 905, 180 S.W.2d 40, 45–46 (1944). This statutory method of review is exclusive. *State ex rel Spanish Lake Serv., Inc. v. Luten*, 500 S.W.2d 46 (Mo.App.1973). It is a general principle of administrative law that judicial review of an administrative agency action depends upon whether the challenged action is a final order.[2] The Missouri Constitution, art V, sec. 18 provides for review of administrative tribunal decisions "by the courts as provided by law." Such review is of "final decisions, findings, rules and orders on any administrative officer or body existing under the constitution or by law...."

■ Appellants argue that the language in § 386.510 providing for review of "the original order or decision or the order or decision on rehearing" is not limited to final orders and authorizes judicial review of the Commission's rulings on the appellants' motions to dismiss. It is not contested that the Commission's rulings in this matter would normally be considered interlocutory. *Reis v. Peabody Coal Co.*, 935 S.W.2d 625, 632 (Mo.App.1996) (order denying motion to dismiss or motion for summary judgment is not reviewable); *Stevenson v. City of St. Louis Sch. Dist.*, 820 S.W.2d 609, 611 (Mo.App.1991) (ruling on motion to dismiss is interlocutory and

not a judgment on the merits). Appellants claim their position is supported by the decisions in *State ex rel. Detroit–Chicago Motor Bus Co. v. Public Serv. Comm'n*, 324 Mo. 270, 23 S.W.2d 115, 117 (1929) and *State ex rel. Fee Fee Trunk Sewer, Inc. v. Public Serv. Comm'n of Mo.*, 522 S.W.2d 67, 72 (Mo.App.1975). We disagree.

In *Fee Fee*, a sewer district sought Commission approval of its rate structure. After several hearings and proceedings, the Commission entered an "Interim Report and Order" establishing sewer rates pending final adjustments and determinations of the rates. The circuit court declined to review under § 386.510 because it believed the order was not "final." This court reversed, stating, in reliance upon *State ex rel. Detroit-Chicago Motor Bus Co., supra*, that § 386.510 means that all orders of the Commission are subject to review. In *Detroit–Chicago*, the Supreme Court considered a circuit court judgment reversing the Commission's denial of a certificate of convenience and necessity and ordering the Commission to grant the bus company the necessary permits. There was no issue as to finality of the Commission order. The reference to review of all orders was made in the context of consideration whether a reviewing court could substitute its judgment for that of the administrative agency as was then permitted in suits in equity.[3] *Id.* at 117. In *Fee Fee*, the issue was raised whether "interim" orders are subject to review. 522 S.W.2d 67. The court held that they are because they "partake[ ] of the nature of test orders which traditionally have been subject to review." *Id.* at 73. Neither *Fee Fee* nor the test order cases, however, support judicial review of interlocutory orders under § 386.510.

---

2. 3 K. Davis, ADMINISTRATIVE LAW TREATISE, 56–115 (1958).

3. This interpretation is supported by a later discussion of the Supreme Court observing that before *Detroit–Chicago*, § 386.510 had

been construed to mean that the circuit court was not bound by the findings of the Commission. *State ex rel. Chicago, R.I. & P.R. Co. v. Public Service Commission*, 312 S.W.2d 791, 793 (Mo.1958).

A "test order" is a "preliminary order to ascertain exact facts, upon which a final rate order can be made, that will do exact justice between the public utility and the public." *State ex rel. City of St. Louis v. Public Serv. Comm'n of Missouri*, 317 Mo. 815, 296 S.W. 790, 791 (1927). Both "test orders" and "interim orders" are determinations, albeit not permanent, on the merits of a case before the Commission. In a non-Public Service Commission case, we have discussed the concept of finality.

> Both the Missouri constitution and Mo. Rev.Stat. § 536.150 (1986), impose the additional requirement that the decision be final before it is deemed reviewable. "Finality" is found when "the agency arrives at a terminal, complete resolution of the case before it. An order lacks finality in this sense while it remains tentative, provisional, or contingent, subject to recall, revision or reconsideration by the issuing agency."

*Dore & Assoc. Contracting, Inc. v. Missouri Dept. of Labor & Indus. Relations Com'n*, 810 S.W.2d 72, 75–76 (Mo.App. 1990) (internal citations omitted). The distinction between a ruling on the merits and a procedural ruling is exemplified in *State ex rel. Southwestern Bell Tel. Co. v. Public Serv. Comm'n*, 592 S.W.2d 184 (Mo.App. 1979). There, this court considered an attempt to obtain judicial review by means of declaratory judgment of a Commission rule providing for the use of interrogatories and a § 386.510 review of an order compelling Southwestern Bell to answer interrogatories. We held, based on Supreme Court precedent, that a statewide rule providing for the use of interrogatories in Commission proceedings was a final order or determination within the meaning of § 386.510 and was not subject to collateral attack by a declaratory judgment action. With regard to the review of the order compelling answers, we said that "the order with respect to discovery is by its very nature interlocutory, and the order appealed from is not a final determination in the case, and is, therefore, not subject to review under the provisions of 386.510 R.S.Mo." *Id.* at 188. We therefore remanded to the circuit court with directions to remand the cause to the Commission for further proceedings on the merits of the case. Similarly, in *Summers v. Public Serv. Comm'n*, 366 S.W.2d 738 (Mo.App.1963), where three cases had been consolidated by the Commission and decisions made in only two, the third case was not reviewable because it was not a final order or decision. *Id.* at 743.

Appellants' argument reverses the proper interrelationship of the art. V, Sec. 18, Mo. Const. and the statutory review provisions of § 386.510. The statute defines the procedure to give effect to the right of judicial review. The right to review exists by reason of the Missouri Constitution, and that right is limited to final administrative decisions. *Lederer v. State, Dept. of Social Serv., Div. of Aging*, 825 S.W.2d 858, 861 (Mo.App.1992). The Circuit Court lacked jurisdiction to review, under § 386.510, the Commission's interlocutory orders denying Appellants' motions to dismiss. Where the circuit court lacks jurisdiction to render a judgment on the merits, the court of appeals lacks jurisdiction to consider an appeal from such a judgment on the merits. *State ex rel. Southwest Water Co. v. Public Serv. Comm'n*, 173 S.W.2d 113, 115 (Mo.App. 1943). The Commission has also pointed out that this court, under § 386.540, would not have jurisdiction of a circuit court judgment remanding a matter to the Commission because the Circuit Court judgment would not be final for purposes of appeal. *State ex rel. Centropolis Transfer Co. v. Public Serv. Comm'n*, 472 S.W.2d 24, 26–27 (Mo.App.1971). The Commission is correct because the test of finality applies separately to the Commission decision under Missouri Constitution, art. V, sec. 18, and to the circuit court's judgment under § 512.080. We do not reach that issue of finality of the circuit court's judgment because it presupposes initial jurisdiction in the circuit court under § 386.510.

The judgment of the circuit court is reversed and the cause remanded to the circuit court with directions to remand the case to the Public Service Commission for further proceedings.

HAROLD L. LOWENSTEIN, Presiding Judge, and ROBERT G. ULRICH, Judge, concur.