**CITY OF PARK HILLS,**
Missouri, Appellant,

v.

**PUBLIC SERVICE COMMISSION OF the STATE of Missouri,**
**Respondent,**

City of Desloge, Respondent,

and

City of Leadington, Respondent.

No. WD 57491.

Missouri Court of Appeals,
Western District.

Submitted May 24, 2000.

Decided July 25, 2000.

Motion for Rehearing and/or Transfer to Supreme Court Denied Aug. 29, 2000.

Application for Transfer Denied Oct. 3, 2000.

Edward M. Pultz, Donald J. Hager, Farmington, for Appellant.

William K. Haas, Jefferson City, for Respondent PSC.

John G. Young, Clayton, William G. Reeves, Farmington, for Respondents City of Desloge, City of Leadington.

Before THOMAS H. NEWTON, P.J., PAUL M. SPINDEN, C.J. and JAMES M. SMART, Jr., J.

PER CURIAM.

This case involves issues related to the reviewability of orders of the Public Service Commission under § 386.510, RSMo 1994.

On October 29, 1998, the City of Desloge, Missouri, and the City of Leadington, Missouri, filed a complaint with the Public Service Commission ("PSC") asking the PSC to order the City of Park Hills, Missouri, to file tariffs with the PSC regarding the rates it charges for water service supplied outside its own boundaries. The residents and businesses of Desloge and Leadington purchase their water from a waterworks system owned and operated by Park Hills.

Park Hills responded to the complaint by filing a motion to dismiss, contending that the PSC did not have jurisdiction over the matter. The PSC found that it did have jurisdiction to hear the complaint and denied Park Hills' motion to dismiss. Park Hills next filed a motion for reconsideration which also was denied by the PSC. Park Hills then filed a petition for writ of review in the circuit court, pursuant to § 386.510, RSMo 1994. The circuit court found that the PSC's order denying Park Hills' motion to dismiss was not a final determination, and thus the court had no jurisdiction under § 386.510 to review that order at this time. The court ordered the petition dismissed. Park Hills appeals.

**Factual Background**

Prior to 1975, the citizens of all three of these cities purchased their water from a privately owned water utility company, Lead Belt Water Company, which operated under a certificate of convenience and necessity issued by the PSC. In 1973, Lead Belt Water and Park Hills (then known as Flat River) filed a joint·application asking for the PSC's approval of the sale of Lead Belt Water to Park Hills. Fearing that the sale would put them at risk of future rate discrimination, the cities of Desloge and Leadington intervened. The PSC held a hearing and approved the sale, stating that it was not going to order Park Hills to file for rate approvals at that time, but, in acknowledgement of the potential for future rate discrimination against the citizens of Desloge and Leadington, the PSC stated:

[A]t any time that the rates charged by the City of Flat River [Park Hills] to its customers outside its city limits exceed those charged to its customers inside the city limits, the Commission will, at that time, order the City of Flat River to file tariffs for the Commission's approval or disapproval by virtue of Section 386.250(7).[1]

On April 6, 1998, Park Hills instituted new water services rates for the cities of

1. That section is now designated § 386.250(3), RSMo Supp.1998. The language is the same and reads in part:
   The jurisdiction, supervision, powers and duties of the public service commission herein created and established shall extend under this chapter:
   * * *
   (3) To all water corporations, and to the land, property, dams, water supplies, or power stations thereof and the operation of same within this state, except that nothing contained in this section shall be construed as conferring jurisdiction upon the commission over the service or rates of any municipally owned water plant or system in any city of this state *except where such service or rates are for water to be furnished or used beyond the corporate limits of such municipality;*
   (Emphasis added.)

Desloge and Leadington, doubling the old rates for residential customers and tripling those for commercial customers. Park Hills did not increase the rates for users within its own city boundaries. On October 29, 1998, the cities of Desloge and Leadington filed their complaint with the PSC, asking the PSC to order Park Hills to file tariffs with the PSC regarding the rates it charges for water service supplied outside the boundaries of Park Hills.[2]

Park Hills filed a motion to dismiss, contending that the PSC does not have jurisdiction over the matter. The PSC denied Park Hills' motion to dismiss for lack of jurisdiction, finding that the PSC "does have jurisdiction to hear the complaint brought before it by the cities of Desloge and Leadington." Park Hills' motion for reconsideration was also denied by the PSC. Park Hills then filed a petition for writ of review in the circuit court. The circuit court found that the PSC's order denying Park Hills' motion to dismiss is not a final determination and thus the court had no jurisdiction under § 386.510 to review that order at that time. The court dismissed the petition. It did not reach the question of whether the PSC has jurisdiction to act on the complaints of Desloge and Leadington. Park Hills appeals the ruling of the circuit court.

### Issues on Appeal

In its first point on appeal, Park Hills states that the trial court erred in its determination with regard to the "finality" of the matter and its lack of jurisdiction, stating:

> The trial court erred in ruling that it had no authority to entertain the petition for review of the [PSC] order due to lack of finality because the trial court had jurisdiction to review the order under section 386.510, RSMo, in that:

2. The complaint also alleged that Park Hills had previously imposed a $5.00 surcharge on users in Desloge and Leadington but not on

(A) All orders of the [PSC], not just final orders, are reviewable under [the section];

(B) The scope of review under [the section] is and may lawfully be broader than the minimum standard of review of "final" decisions under Article V, Section 18, Missouri Constitution;

(C) The decision by the [PSC] that it has jurisdiction clearly and directly contravenes the most recent appellate pronouncement on the point;

(D) The decision of the [PSC] not to follow appellate court precedent is based upon very tenuous and insubstantial legal arguments; and

(E) No other remedy exists whereby the [PSC] can be prevented from drawing Park Hills into a proceeding in which the [PSC] has no authority.

In their second point on appeal, Park Hills contends that the PSC lacks jurisdiction over this matter, because it involves water rates for water supplied by the city of Park Hills to cities or users beyond its corporate limits. It is not necessary to address Park Hills' second point on appeal if we determine the trial court was correct as to the jurisdictional issue. Therefore, we first examine the jurisdictional issue.

### Standard of Review

■ When reviewing the decision of the Public Service Commission on the merits, we review the decision of the PSC, not the judgment of the circuit court. *State ex rel. Inter–City Beverage Co., Inc. v. Missouri Pub. Serv. Comm'n*, 972 S.W.2d 397, 399 (Mo.App.1998). Here, however, the lower court's ruling did not address the merits of the PSC claim, but was decided on jurisdictional grounds. There are no facts in dispute related to the jurisdictional issue. The matter is purely one of law. Accordingly, we review the ruling of the circuit court to determine whether the court correctly applied the law.

Park Hills users. That surcharge was discontinued when the new rate increase became effective.

## Lack of Finality

■ Park Hills contends that the trial court erred in ruling that it had no authority to entertain Park Hills' petition for review of the PSC order, in that under § 386.510, *all* orders of the PSC are reviewable. Section 386.510, RSMo 1994 states in relevant part:

Within thirty days after the application for a rehearing is denied, or, if the application is granted, then within thirty days after the rendition of the decision on rehearing, the applicant may apply to the circuit court of the county where the hearing was held or in which the commission has its principal office for a writ of certiorari or review (herein referred to as a writ of review) for the purpose of having the reasonableness or lawfulness of the original order or decision or the order or decision on rehearing inquired into or determined.... Upon the hearing the circuit court shall enter judgment either affirming or setting aside the order of the commission under review.... The court may, in its discretion, remand any cause which is reversed by it to the commission for further action. No court in this state, except the circuit courts to the extent herein specified and the supreme court or the court of appeals on appeal, shall have jurisdiction to review, reverse, correct or annul any order or decision of the commission or to suspend or delay the executing or operation thereof, or to enjoin, restrain or interfere with the commission in the performance of its official duties.

■ The Missouri Constitution creates a right to judicial review of "final" administrative decisions. *Dore & Assoc. Contracting, Inc. v. Missouri Dept. of Labor & Indus. Relations Comm'n,* 810

S.W.2d 72, 75 (Mo.App.1990). "Finality" is found when "the agency arrives at a terminal, complete resolution of the case before it." *Id.* at 75–76. "An order lacks finality in this sense while it remains tentative, provisional, or contingent, subject to recall, revision or reconsideration by the issuing agency." *Id.* at 76 (quoting *National Treasury Employees Union v. Federal Labor Relations Auth.,* 712 F.2d 669, 671 (D.C.Cir.1983)).

■ The denial of a motion to dismiss is generally not considered a final order, even when the motion is based on contention of lack of jurisdiction. *Pen–Yan Inv., Inc. v. Boyd Kansas City, Inc.,* 952 S.W.2d 299, 308 (Mo.App.1997). In *Pen–Yan,* the Missouri Gaming Commission appealed, *inter alia,* a denial of the Commission's motion to dismiss for lack of jurisdiction. *Id.* at 307. The *Pen–Yan* court ruled that the denial of a motion to dismiss for lack of jurisdiction was not an appealable final judgment, notwithstanding the Rule 74.01(b) certification by the trial court. *Id.* at 308. While *Pen–Yan* dealt with appeal of a circuit court denial of a motion to dismiss, the rule requiring a final decision applies when an agency denies a motion to dismiss. *See Dore,* 810 S.W.2d at 76 (decision of Department of Labor and Industrial Relations not to hear and adjudicate objection to wage determination was found to be a final administrative decision).

While the state constitution guarantees a right of judicial review to final administrative decisions, § 386.150 implements the procedure for review of agency rulings. Section 386.510 does not use the word "final" in discussing the right of review. Therefore, Park Hills argues that the scope of review under § 386.510 is broader that the minimum standard found in art. V, § 18 of the Missouri Constitution,[3] cit-

---

3. Mo. Const. art. V, § 18, states in relevant part:

All final decisions, findings, rules and orders on any administrative officer or body existing under the constitution or by law, which are judicial or quasi-judicial and affect private rights, shall be subject to direct review by the courts as provided by law; and such review shall include the determination whether the same are authorized by law.... Unless otherwise provided by law, administrative decisions, findings, rules and orders subject to

ing *State ex rel. Fee Fee Trunk Sewer, Inc. v. Public Serv. Comm'n,* 522 S.W.2d 67, 72 (Mo.App.1975) in support of the proposition that the circuit court has authority to review all orders, and not just final orders of the PSC.

The court in *Fee Fee* held that the PSC had authority to review certain "interim" orders, stating: "[T]he statute provides for all orders of the Commission to be subject to review; and the test of 'interim' orders by review partakes of the nature of test orders which traditionally have been subject to review." *Id.* at 73. The court concluded that "the statute provides and it has been construed to mean that all orders of the Commission are subject to review." *Id.* The court in *Fee Fee* also stated that where the lower court found that the cause must be remanded to the PSC for a final report and order before it can be reviewed, that finding is in conflict with both the statute and case law that all orders of the PSC are subject to review. *Id.*

The interim order at issue in *Fee Fee,* however, was actually an interim rate order, by which Fee Fee's proposed commercial rates were approved, and its proposed and suspended tariffs for residential customers and its previously approved rates for residential customers were canceled. *Id.* at 69. Fee Fee was ordered to file new tariffs for residential customers, all "with the proviso that a final Report and Order will fix a proper return and rates upon traditional rate-making concepts when the Staff has completed its original cost study[.]" *Id.* Unlike the issue in *Fee Fee,* the issue in this case is not the reviewability of an interim rate order, but whether

the PSC's denial of Park Hills' motion to dismiss for lack of jurisdiction can be considered a final order and thus reviewable by the circuit court on a writ of review.

The PSC, arguing that the circuit court correctly dismissed Park Hills' petition for review, also points out that in *State ex rel. Southwestern Bell Tel. Co. v. Public Serv. Comm'n,* 592 S.W.2d 184 (Mo.App.1979), this court ruled that an order with respect to discovery was by its very nature interlocutory and not reviewable in a declaratory judgment action under § 386.510. *Id.* at 188. In that case, we noted that § 386.510, which provides for review of decisions and orders of the PSC, has been in place and utilized for the purpose of judicial review since the establishment of the Missouri Public Service Commission in 1913.[4] *Id.* at 187. "In the light of that history," we stated, "the basic contention of [the utility], that the legislature intended to engraft upon the review of Public Service Commission proceedings a further proceeding by way of declaratory relief without prior administrative review, does not seem tenable." *Id.* The court thus concluded that there existed no jurisdiction in the circuit court to review the discovery order in the declaratory judgment action.[5] *Id.* at 188. If the circuit court is without jurisdiction, the court noted, the appellate court is also without jurisdiction to consider the matter. *Id.* (citing *Brogoto v. Wiggins,* 458 S.W.2d 317 (Mo.1970)).

We believe that this case is governed by *Southwestern Bell* and *Pen–Yan.* Also, we believe the references in § 386.510 to "applications for rehearing" and "decisions on rehearing" suggest that the legislature was

review under this section or which are otherwise subject to direct judicial review, shall be reviewed in such manner and by such court as the supreme court by rule shall direct and the court so designated shall, in addition to its other jurisdiction, have jurisdiction to hear and determine any such review proceeding.

4. A concise history of the Public Service Commission Act is contained in *Forest City v. City of Oregon,* 569 S.W.2d 330, 332–33 (Mo.App. 1978).

5. When an agency is clearly exceeding its jurisdiction, the matter may be addressed through an application for a writ of prohibition. *State ex rel. J.E. Dunn Constr. Co. v. Fairness in Constr. Bd. of City of Kansas City,* 960 S.W.2d 507, 511 (Mo.App.1997). Appellant does not ask us to treat this appeal as an application for a writ of prohibition.

thinking of the reviewability of these kinds of agency rulings traditionally subject to review, which are primarily *final* rulings. We believe *Fee Fee* is distinguishable because even though the orders reviewed there were interim orders, they were rate orders of a substantive nature, similar to test orders "which traditionally have been subject to review." 522 S.W.2d at 73. We conclude the General Assembly never intended in § 386.510 that *all* agency orders be reviewable, and that the legislature had no intention to allow judicial review by way of appeal of denials of motions to dismiss for lack of jurisdiction

## Conclusion

For all the foregoing reasons, the judgment of the circuit court is affirmed.